Steve W. Berman, WSBA No. 12536
Catherine Y.N. Gannon, WSBA No. 47664
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
catherineg@hbsslaw.com

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## SPOKANE DIVISION

| | |
|---|---|
| MICAH MASON, DIONYSIOS TSIRKAS, SCOTT B. JOHNSON, and ADRIAN WASHINGTON, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>W.L. GORE & ASSOCIATES,<br><br>          Defendant. | Case No. 2:25-cv-00049<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................1

II.  JURISDICTION AND VENUE................................................8

III. THE PARTIES ...............................................................8

    A.   Plaintiffs ..............................................................8

        1.   Washington Plaintiff ..........................................8

        2.   California Plaintiff ...........................................9

        3.   Minnesota Plaintiff ..........................................10

        4.   Illinois Plaintiff .............................................11

    B.   Defendant ..........................................................12

IV.  FACTUAL ALLEGATIONS.................................................13

    A.   Environmental stewardship is a material attribute to
        consumers..........................................................13

    B.   Gore knows that environmentally friendly materials and
        sustainable production processes are material to consumers...............14

    C.   Gore devotes considerable marketing resources to position
        itself as an exemplary environmental steward....................................15

    D.   Gore touts its Gore-Tex Fabric as a sound choice for the
        environmentally conscious..................................................18

    E.   Gore's Greenwashing Campaign misleads the public
        regarding the environmental harm posed by Gore-Tex Fabric
        via several material omissions. ..........................................20

        1.   Gore does not disclose that it currently uses PFAS to
            manufacture its "PFC* Free" products......................................21

        2.   Gore also does not tell consumers that Gore-Tex
            Fabric also sheds PFAS via ordinary use. ...............................25

        3.   Gore has also long been aware of the dangers posed by
            the use of PFAS. ........................................................27

CLASS ACTION COMPLAINT – i

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

F.  Gore's Greenwashing Campaign also materially misrepresents the extent of Gore's environmental footprint. ..............29

1.  Gore's "PFC* Free Laminate" label misconstrues the common definition of the term PFC by unilaterally excluding ePTFE and PTFE. .......................................30

2.  Gore's direct-to-consumer sales website confuses consumers by using terms like PFAS, PFC, and PFC* interchangeably................................................31

G.  The rest of Gore's advertising campaign is also misleading. ..............34

1.  Gore's "Sustainability Commitment" website touts environmental stewardship and prominently features "green" images.......................................34

2.  Gore keeps a YouTube channel with similar misleading claims about its environmental stewardship. ........................................37

3.  Senior Gore employees consistently reinforce Defendant's message that its commitment to environmental stewardship is synonymous to its commitment to performance.........................38

H.  Gore's practices violate the FTC Green Guides and state consumer protection statutes................................................39

1.  The FTC's "Green Guides" provide guidance to consumers, companies, and courts when assessing claims related to PFAS. ............................39

2.  Gore's omissions regarding its use of PFAS in its manufacturing process violate the FTC Green Guides and mislead consumers as to Gore-Tex's environmental footprint. .........................43

3.  Gore's labels and misrepresentations also deceive consumers into thinking Gore is committed to environmental stewardship when it is not. ...............44

I.  Gore can easily remediate its current practices so that they become not misleading to consumers. .................................45

1.  Gore-Tex can be manufactured without any detectable levels of PFAS. .......................................45

CLASS ACTION COMPLAINT – ii

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

2.   Gore can follow expert guidance on how to more accurately label its Gore-Tex Products so they are not misleading to consumers. ...........................................46

V.   TOLLING OF THE STATUTES OF LIMITATIONS..................................48

A.   Discovery rule tolling...............................................48

B.   Fraudulent concealment tolling.................................49

C.   Estoppel........................................................................49

VI.   CLASS ACTION ALLEGATIONS ..............................................50

I.   CLAIMS FOR RELIEF........................................................53

A.   Claims brought on behalf of the Washington Class ...........................53

COUNT I VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (WASH. REV. CODE ANN. § 19.86.010, *et seq.*)...........................................................................53

COUNT II FRAUDULENT CONCEALMENT (BASED ON WASHINGTON LAW) ...................................................55

B.   Claims brought on behalf of the Alabama Class ................................56

COUNT III FRAUDULENT CONCEALMENT (BASED ON ALABAMA LAW) ...................................................56

C.   Claims brought on behalf of the Alaska Class....................................58

COUNT IV FRAUDULENT CONCEALMENT (BASED ON ALASKA LAW) ...................................................58

D.   Claims brought on behalf of the Arizona Class...................................59

COUNT V VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (ARIZONA REV. STAT. § 44-1521, *et seq.*) ......................................59

COUNT VI FRAUDULENT CONCEALMENT (BASED ON ARIZONA LAW)...................................................61

E.   Claims brought on behalf of the California Class ...............................62

COUNT VII VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, *et seq.*)...........................................................................62

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

COUNT VIII FRAUDULENT CONCEALMENT (BASED ON
         CALIFORNIA LAW) ...................................................................64

         F.      Claims brought on behalf of the Connecticut Class ...........................66

COUNT IX VIOLATION OF THE CONNECTICUT UNFAIR
         TRADE PRACTICES ACT (Conn. Gen. Stat. § 42-110A, *et
         seq.*) .........................................................................................66

COUNT X FRAUDULENT CONCEALMENT (BASED ON
         CONNECTICUT LAW) ................................................................67

         G.      Claims brought on behalf of the District of Columbia ("DC") ...........69

COUNT XI FRAUDULENT CONCEALMENT (BASED ON DC
         LAW).........................................................................................69

         H.      Claims brought on behalf of the Florida Class ..................................70

COUNT XII FRAUDULENT CONCEALMENT (BASED ON
         FLORIDA LAW) ........................................................................70

         I.      Claims brought on behalf of the Georgia Class.................................72

COUNT XIII FRAUDULENT CONCEALMENT (BASED ON
         GEORGIA LAW)........................................................................72

         J.      Claims brought on behalf of the Idaho Class....................................73

COUNT XIV VIOLATION OF THE IDAHO CONSUMER
         PROTECTION ACT (IDAHO CODE ANN. § 48-601, *ET
         SEQ.*) .......................................................................................73

COUNT XV FRAUDULENT CONCEALMENT (BASED ON
         IDAHO LAW)............................................................................75

         K.      Claims brought on behalf of the Illinois Class ..................................77

COUNT XVI VIOLATION OF THE ILLINOIS CONSUMER
         FRAUD  AND DECEPTIVE BUSINESS PRACTICES ACT
         (815 ILCS 505/1, *et seq.* AND 720 ILCS 295/1A)....................................77

COUNT XVII FRAUD BY CONCEALMENT (BASED ON
         ILLINOIS LAW)........................................................................79

         L.      Claims brought on behalf of the Indiana Class...................................80

CLASS ACTION COMPLAINT – iv

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

COUNT XVIII FRAUDULENT CONCEALMENT (BASED ON
    INDIANA LAW) ...........................................................................80

    M.    Claims brought on behalf of the Maine Class.....................................82

COUNT XIX FRAUDULENT CONCEALMENT (BASED ON
    MAINE LAW) ............................................................................82

    N.    Claim brought on behalf of the Maryland Class.................................84

COUNT XX VIOLATION OF THE MARYLAND CONSUMER
    PROTECTION ACT (MD. CODE, COM. LAW § 13-101, *ET
    SEQ.*)) ...................................................................................84

COUNT XXI FRAUDULENT CONCEALMENT (BASED ON
    MARYLAND LAW) ....................................................................85

    O.    Claim brought on behalf of the Massachusetts Class .........................86

COUNT XXII FRAUD BY CONCEALMENT (BASED ON
    MASSACHUSETTS LAW) ...........................................................86

    P.    Claim brought on behalf of the Michigan Class.................................88

COUNT XXIII VIOLATION OF THE MICHIGAN CONSUMER
    PROTECTION ACT (MICH. COMP. LAWS § 445.903, *ET
    SEQ.*) ....................................................................................88

COUNT XXIV FRAUDULENT CONCEALMENT (BASED ON
    MICHIGAN LAW) .....................................................................90

    Q.    Claims brought on behalf of the Minnesota Class..............................91

COUNT XXV VIOLATIONS OF MINNESOTA DECEPTIVE
    TRADE PRACTICES; ENVIRONMENTAL MARKETING
    CLAIMS (MINN. STAT. § 325E.41, *et seq.*)..................................91

COUNT XXVI FRAUDULENT CONCEALMENT (BASED ON
    MINNESOTA LAW)...................................................................94

    R.    Claims brought on behalf of the Montana Class ................................96

COUNT XXVII VIOLATION OF THE MONTANA UNFAIR
    TRADE PRACTICES  AND CONSUMER PROTECTION
    ACT OF 1973 (MONT. CODE ANN. § 30-14-101, *ET SEQ.*).....................96

COUNT XXVIII FRAUDULENT CONCEALMENT (BASED ON
    MONTANA LAW) ......................................................................97

CLASS ACTION COMPLAINT – v

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

S.    Claims brought on behalf of the New Hampshire Class......................99

COUNT XXIX VIOLATION OF THE NEW HAMPSHIRE
CONSUMER PROTECTION ACT (N.H. Rev. Stat. Ann. §
358-A:1, *et seq.*))...........................................................................99

COUNT XXX FRAUDULENT CONCEALMENT (BASED ON
NEW HAMPSHIRE LAW) ..............................................................100

T.    Claims on behalf of the New Mexico Class ...................................102

COUNT XXXI VIOLATION OF THE NEW MEXICO UNFAIR
TRADE PRACTICES ACT (N.M. STAT. ANN. §§ 57-12-1, *ET
SEQ.*) ............................................................................................102

COUNT XXXII FRAUDULENT CONCEALMENT (BASED ON
NEW MEXICO LAW)......................................................................103

U.    Claims brought on behalf of the New York Class ...........................105

COUNT XXXIII VIOLATION OF THE NEW YORK GENERAL
BUSINESS LAW §§ 349-350 (N.Y. GEN. BUS. LAW §§ 349-
350)................................................................................................105

COUNT XXXIV FRAUDULENT CONCEALMENT (BASED ON
NEW YORK LAW) .........................................................................106

V.    Claims brought on behalf of the Ohio Class...................................108

COUNT XXXV VIOLATION OF THE OHIO CONSUMER SALES
PRACTICES ACT (OHIO REV. CODE ANN. § 1345.01, *ET
SEQ.*) ............................................................................................108

COUNT XXXVI FRAUDULENT CONCEALMENT (BASED ON
OHIO LAW)....................................................................................109

W.    Claims brought on behalf of the Pennsylvania Class .......................111

COUNT XXXVII VIOLATION OF THE PENNSYLVANIA
UNFAIR TRADE PRACTICES  AND CONSUMER
PROTECTION LAW (73 PA. CONS. STAT. § 201-1, *ET SEQ.*).............111

COUNT XXXVIII FRAUDULENT CONCEALMENT (BASED ON
PENNSYLVANIA LAW)....................................................................112

X.    Claims brought on behalf of the South Carolina Class......................114

CLASS ACTION COMPLAINT – vi

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

COUNT XXXIX VIOLATION OF THE SOUTH CAROLINA
    UNFAIR TRADE PRACTICES ACT (S.C. CODE ANN. § 39-
    5-10, *ET SEQ.*) ............................................................................ 114

COUNT XL FRAUDULENT CONCEALMENT (BASED ON
    SOUTH CAROLINA LAW) ........................................................ 115

    Y.    Claims brought on behalf of the Tennessee Class ............................. 117

COUNT XLI VIOLATION OF THE TENNESSEE CONSUMER
    PROTECTION ACT (Tenn. Code Ann. § 47-18-101, *et seq*.)................... 117

COUNT XLII FRAUDULENT CONCEALMENT (BASED ON
    TENNESSEE LAW) ................................................................ 118

    Z.    Claims brought on behalf of the Texas Class .................................... 120

COUNT XLIII FRAUDULENT CONCEALMENT (BASED ON
    TEXAS LAW)........................................................................ 120

    AA.    Claims brought on behalf of the Utah Class .................................... 121

COUNT XLIV VIOLATION OF THE UTAH CONSUMER SALE
    PRACTICES ACT (UTAH CODE ANN. § 13-11-1, *ET SEQ.*) ................ 121

COUNT XLV FRAUDULENT CONCEALMENT (BASED ON
    UTAH LAW) ........................................................................ 123

    BB.    Claims brought on behalf of the Vermont Class ............................... 124

COUNT XLVI VIOLATION OF THE VERMONT CONSUMER
    FRAUD ACT (VT. STAT. ANN. TIT. 9, § 2451 *ET SEQ.*) ...................... 124

COUNT XLVII FRAUDULENT CONCEALMENT (BASED ON
    VERMONT LAW)................................................................... 125

    CC.    Claims brought on behalf of the West Virginia Class ...................... 127

COUNT XLVIII FRAUDULENT CONCEALMENT (BASED ON
    WEST VIRGINIA LAW) ........................................................... 127

PRAYER FOR RELIEF ..................................................................... 128

JURY DEMAND............................................................................... 129

CLASS ACTION COMPLAINT – vii

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Plaintiffs Micah Mason, Scott B. Johnson, Dionysios Tsirkas, and Adrian Washington (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, bring this Class Action Complaint against Defendant W.L. Gore & Associates ("Gore" or "Defendant"). Plaintiffs allege the following based upon personal knowledge, as well as investigation by their counsel as to themselves, and as to all other matters, upon information and belief. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I.    INTRODUCTION

1.    A large portion of consumers increasingly care about the environmental impact of products when making purchasing decisions, with many stating they are willing to pay more for sustainable options and prioritize brands with environmentally conscious practices. Considering these trends, companies are increasingly allocating time, attention, and resources to position their products and supply chains as environmentally responsible.

2.    W.L. Gore & Associates ("Gore") is no exception. Gore manufactures Gore-Tex Fabric[1] and spends considerable marketing resources to position itself as an exemplary environmental steward while also promising that its products represent a sound choice for the environmentally conscious consumer. More specifically, Gore relies on an umbrella public relations campaign with "Responsible Performance" and "Committed to Sustainability" and "Environmentally Sound" themes to consistently disseminate its environmental stewardship claims.

---

[1] Gore-Tex Fabric means material produced by Gore and consisting of an ePTFE (expanded polytetrafluoroethylene) based Gore-Tex membrane and/or a durable water treatment ("DWR") that contains PFAS (per- and polyfluoroalkyl substances).

CLASS ACTION COMPLAINT – 1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    3.    For example, Gore's website inundates consumers with
2  acknowledgments that sustainability is a "top" priority for the company, while also
3  positioning environmental stewardship as one of Gore's founding principles:



4    4.    Gore also invites point of sale consumers to scan a QR code, which then
12 directs them to the following environmental claims:



22    5.    And as a reflection of Gore's unwavering commitment to sustainability,
23 Gore also reassures consumers that they can trust that their Gore-Tex Fabric is a
24 sound choice for those seeking outdoor adventure with a small ecological footprint:

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX



**PERFORMANCE FOR PEOPLE. PERFORMANCE FOR THE PLANET**

Our performance as a company depends on the sustainable performance of our products, our operations and our people. We are working to protect the planet and people because our society, and our business, depends on it.



As the GORE-TEX Brand, we take sustainability as seriously as we take performance.

R E S P O N S I B I L I T Y

OUR PRODUCTS ARE ENVIRONMENTALLY SOUND AND SAFE TO WEAR

For Gore's Fabrics Division, acting responsibly is a natural outgrowth of Gore's culture. We respect the environment and treat our associates and partners fairly.

 *"Being fair and responsible to the environment while offering durable products which provide the best in class level of protection lies at the very heart of our culture. This is our founders, Bill and Vieve Gore's, legacy, and we are proud to continue this tradition."* 

 ROSS MACLAINE
Gore Fabrics Division Sustainability Leader

CLASS ACTION COMPLAINT – 3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

000700-00/2986454 V2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.      Unfortunately, Gore offers not much more than empty environmental promises via its misleading greenwashing campaign. Greenwashing is the act of making false or misleading statements about the environmental benefits of a product or practice. Greenwashing occurs when a company positions itself (or a specific product) as having a positive influence on environmental issues, when in reality, the company (or product) is either exaggerating its influence and/or actively engaging in negative environmental practices that do not align with its previously touted green goals.

7.      Gore's greenwashing campaign misleads the public by purporting to be highly committed to environmental responsibility and at the forefront of sustainable manufacturing processes. But, in truth, Gore continues to produce Gore-Tex Fabric using PFAS, a suite of harmful "forever chemicals" with extremely dangerous health and environmental effects. Gore also fails to disclose that its Gore-Tex Fabric sheds PFAS chemicals via ordinary use, which means that outdoor enthusiasts, as well as those simply wearing Gore-Tex Fabric to keep dry, are inadvertently contaminating the environment areas and their water supply when they venture out in their Gore-Tex gear, as the gear sheds PFAS. And because PFAS chemicals never degrade, the use of these chemicals over time causes them to accumulate and create toxic environments in rural, urban, and environmentally sensitive settings as depicted below:

CLASS ACTION COMPLAINT – 4



1
2
3
4
5
6
7
8
9
10
11



12    8.    Gore also practices greenwashing by making a series of

13 misrepresentations via its distinctive "Hang Tags" that are affixed to all products

14 that are made with Gore-Tex Fabric. The Hang Tags are prominently attached to all

15 Gore-Tex Fabric products at point of sale and must be removed prior to use:

16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT – 5

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX





9.    For example, Gore misleads consumers by stating that Gore is "committed to sustainability" and that its practices are "environmentally sound" (included on the diamond-shaped black Hang Tag displayed above). Similarly, Gore's "PFC* Free Laminate" statement (included on the rectangular brown Hang Tag displayed above) misconstrues the common definition of the term "PFC"[2] by unilaterally excluding well-known PFC-based chemicals, such as PTFE and ePTFE.

_____

[2] PFC is an acronym for the term "perfourinated chemicals," a chemical family consisting mostly of carbon and fluorine, which makes it impervious to heat, acid, wind, and water. Academic journals, governments around the world, and consumer-oriented definitions of PFC include PTFE as a type of PFC. But Gore's unilateral definition deviates from those typical definitions of PFC by specifically excluding PTFE.

CLASS ACTION COMPLAINT – 6

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Gore also confuses the public by using specific terms such as "PFC," "PFAS," "PFC*," and "PFCs of environmental concern" interchangeably.

10.    All of these misleading claims are clear violations of the FTC Green Guides. Developed by the Federal Trade Commission (FTC), the Green Guides are designed to help marketers avoid making environmental marketing claims that are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45. The Green Guides also play a large role in state consumer protection law. At least twelve states[3] have laws that directly incorporate the standards set forth in the Green Guides as the legal standard for lawfully making certain marketing claims[4] and twenty-seven states and territories[5] have laws designating the FTC's interpretation in the Green Guides as persuasive authority for courts. As explained more fully below, Gore's "Environmentally Sound," "Responsible Performance," and "Committed to Sustainability" themes and packaging practices violate multiple sections of the FTC Green Guides.

11.    Plaintiffs bring this case as a class on behalf of themselves and those similarly situated seeking both injunctive relief under Rule 23(b)(2), forcing Gore to make accurate corrective disclosures, and under Rule 23(b)(3) for damages.

---

[3] These states are Alabama, California, Florida, Indiana, Maine, Maryland, Michigan, Minnesota, New Mexico, New York, Pennsylvania, Rhode Island, and Washington.

[4] April 24, 2023 Comments to FTC re Green Guides from the states of California, Connecticut, Delaware, Illinois, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, Oregon, Rhode Island, and Wisconsin, available at https://oag.ca.gov/system/files/attachments/press-docs/Comments%20to%20FTC%20re%20Green%20Guides%204.24.23.pdf.

[5] These are Alabama, Alaska, Arizona, Connecticut, District of Columbia, District of Guam, Florida, Idaho, Georgia, Illinois, Maine, Maryland, Massachusetts, Michigan, Montana, New Hampshire, New Mexico, Ohio, South Carolina, Rhode Island, Tennessee, Texas, Utah, Vermont, Washington, and West Virginia.

CLASS ACTION COMPLAINT – 7

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Plaintiffs assert claims under the consumer protection laws and the common law of the states referenced herein.

## II.    JURISDICTION AND VENUE

12.    This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and more than two-thirds of the Class resides in states other than the state in which Defendant is a citizen and in which this case is filed, and therefore any exemptions to jurisdiction under 28 U.S.C. § 1332(d)(2) do not apply. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1391 because a substantial part of the events or omissions and misrepresentations giving rise to Plaintiffs' claims occurred in this District. Plaintiff Mason purchased the Products in this District and Defendant has marketed, advertised, and made available for sale the Products within this District.

## III.    THE PARTIES

A.    **Plaintiffs**

1.    **Washington Plaintiff**

14.    Plaintiff Micah Mason ("Plaintiff Mason"), at all times relevant hereto, was a citizen of the State of Washington and a resident of Spokane Valley, Washington. He purchased the Product, Volcom snow pants with Gore-Tex, from evo.com in approximately Fall 2021.

15.    Plaintiff Mason believed he was purchasing a high-quality product made with Gore-Tex Fabric. At no time at the point of sale or in the product packaging was he told that the product was made with PFAS and as such both the manufacturing of the product with PFAS and its wearing in normal use are not consistent with sustainability or with being "environmentally sound." Prior to

CLASS ACTION COMPLAINT – 8

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    purchasing the Product, Plaintiff saw and relied upon the Product's labeling, like the

2    Hang Tags described herein. None of the packaging material or advertisements

3    reviewed or representations received by Plaintiff contained any disclosure

4    concerning Defendant's use of PFAS in Gore-Tex Fabric and how Defendant's

5    practices permanently degrade the environment as described in this Class Action

6    Complaint. Had Defendant disclosed these practices, Plaintiff would not have

7    purchased the Product or would have paid less for it. Defendant's unfair, unlawful,

8    and deceptive conduct in manufacturing, marketing, and selling Gore-Tex Fabric as

9    environmentally beneficial has caused Plaintiff out-of-pocket loss.

10        16.    Additionally, Plaintiff intends to purchase additional waterproof, yet

11    breathable, outdoor apparel products in the future and wants to do so based on a full

12    disclosure on the use of PFAS in the manufacturing process and whether the product

13    sheds PFAS during ordinary use.

14        **2.    California Plaintiff**

15        17.    Plaintiff Dionysios Tsirkas ("Plaintiff Tsirkas"), at all times relevant

16    hereto, was a citizen of the State of California and a resident of Vallejo, California.

17    He purchased the Product, a Dainese Dolomiti Gore-Tex jacket, at a Dainese store

18    in San Francisco on December 22, 2022.

19        18.    Plaintiff Tsirkas believed he was purchasing a high-quality product

20    made with Gore-Tex Fabric. At no time at the point of sale or in the product

21    packaging was he told that the product was made with PFAS and as such both the

22    manufacturing of the product with PFAS and its wearing in normal use are not

23    consistent with sustainability or with being "environmentally sound." Prior to

24    purchasing the Product, Plaintiff saw and relied upon the Product's labeling, like the

25    Hang Tags described herein. None of the packaging material or advertisements

26    reviewed or representations received by Plaintiff contained any disclosure

27    concerning Defendant's use of PFAS in Gore-Tex Fabric and how Defendant's

28    practices permanently degrade the environment as described in this Class Action

CLASS ACTION COMPLAINT – 9

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    Complaint. Had Defendant disclosed these practices, Plaintiff would not have
2    purchased the Product or would have paid less for it. Defendant's unfair, unlawful,
3    and deceptive conduct in manufacturing, marketing, and selling Gore-Tex Fabric as
4    environmentally beneficial has caused Plaintiff out-of-pocket loss.

5        19.    Additionally, Plaintiff intends to purchase additional waterproof, yet
6    breathable, outdoor apparel products in the future and wants to do so based on a full
7    disclosure on the use of PFAS in the manufacturing process and whether the product
8    sheds PFAS during ordinary use.

9        **3.    Minnesota Plaintiff**

10       20.    Plaintiff Scott B. Johnson ("Plaintiff Johnson"), at all times relevant
11   hereto, was a citizen of the State of Minnesota and a resident of Minneapolis,
12   Minnesota. He purchased the Product, Danner Sharptail Boots, at a Scheels store in
13   Minnesota on or around September 2024.

14       21.    Plaintiff Johnson believed he was purchasing a high-quality product
15   made with Gore-Tex Fabric. At no time at the point of sale or in the product
16   packaging was he told that the product was made with PFAS and as such both the
17   manufacturing of the product with PFAS and its wearing in normal use are not
18   consistent with sustainability or with being "environmentally sound." Prior to
19   purchasing the Product, Plaintiff saw and relied upon the Product's labeling, like the
20   Hang Tags described herein. None of the packaging material or advertisements
21   reviewed or representations received by Plaintiff contained any disclosure
22   concerning Defendant's use of PFAS in Gore-Tex Fabric and how Defendant's
23   practices permanently degrade the environment as described in this Class Action
24   Complaint. Had Defendant disclosed these practices, Plaintiff would not have
25   purchased the Product or would have paid less for it. Defendant's unfair, unlawful,
26   and deceptive conduct in manufacturing, marketing, and selling Gore-Tex Fabric as
27   environmentally beneficial has caused Plaintiff out-of-pocket loss.

28

CLASS ACTION COMPLAINT – 10

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

22.    Additionally, Plaintiff intends to purchase additional waterproof, yet breathable, outdoor apparel products in the future and wants to do so based on a full disclosure on the use of PFAS in the manufacturing process and whether the product sheds PFAS during ordinary use.

### 4.    Illinois Plaintiff

23.    Plaintiff Adrian Washington ("Plaintiff Washington"), at all times relevant hereto, was a citizen of the State of Illinois and a resident of Des Plaines, Illinois. He purchased the Product, a North Face rain jacket with Gore-Tex Fabric, at The North Face store in Skokie, Illinois, in approximately 2018 or 2019.

24.    Plaintiff Washington believed he was purchasing a high-quality product made with Gore-Tex Fabric. At no time at the point of sale or in the product packaging was he told that the product was made with PFAS and as such both the manufacturing of the product with PFAS and its wearing in normal use are not consistent with sustainability or with being "environmentally sound." Prior to purchasing the Product, Plaintiff saw and relied upon the Product's labeling, like the Hang Tags described herein. None of the packaging material or advertisements reviewed or representations received by Plaintiff contained any disclosure concerning Defendant's use of PFAS in Gore-Tex Fabric and how Defendant's practices permanently degrade the environment as described in this Class Action Complaint. Had Defendant disclosed these practices, Plaintiff would not have purchased the Product or would have paid less for it. Defendant's unfair, unlawful, and deceptive conduct in manufacturing, marketing, and selling Gore-Tex Fabric as environmentally beneficial has caused Plaintiff out-of-pocket loss.

25.    Additionally, Plaintiff intends to purchase additional waterproof, yet breathable, outdoor apparel products in the future and wants to do so based on a full disclosure on the use of PFAS in the manufacturing process and whether the product sheds PFAS during ordinary use.

CLASS ACTION COMPLAINT – 11

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**B.    Defendant**

26.    Defendant W.L. Gore & Associates is a Delaware corporation, with its principal place of business and headquarters located at 555 Paper Mill Road, Newark, Delaware 19711.

27.    Gore was founded in 1958 by Wilbert Gore and his wife Genevieve. Before founding Gore, Wilbert Gore spent approximately 16 years at DuPont, where he held various technical roles, including work in fluoropolymer research.

28.    Gore is a multinational company that specializes in manufacturing products made from fluoropolymers with 36 manufacturing plants in the United States, as well as facilities in the United Kingdom, Germany, the Netherlands, Japan, and China, with offices in more than 25 countries around the world.[6] Gore is divided into at least four divisions: (i) industrial products, (ii) electronic products, (iii) medical products, and (iv) fabrics. The majority, if not all, of these divisions are or were involved with PFOA-containing PTFE products.

29.    Gore is best known for making Gore-Tex Fabric, a waterproof yet breathable fabric that is used in outerwear, athletic shoes, and other products intended to be heavily used outside and exposed to natural elements like wind, rain, and snow. Importantly, while Gore sells its "Gorewear" products direct to consumers, most of Gore's Gore-Tex Fabric is purchased by other outdoor apparel manufacturers who then incorporate it into their own products and sell it via their retail network. Examples of these manufacturer-retailer partners include Brooks, Burton, Dakine, Dainese, Danner, Norrona, Nike, Patagonia, Rab, Solomon, LL Bean, The North Face, REI Co-op, Teva, and more.

30.    To maintain brand consistency and quality control for consumers, once a product featuring Gore-Tex Fabric is certified by Gore, Gore then issues its own Hang Tags that the manufacturer-retailer partner can attach to the certified product

---

[6] *Gore Locations*, Gore, https://www.gore.com/locations (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 12

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    at point of sale. Plaintiffs relied upon the Products' labeling, such as the "Hang
2    Tags" and material omissions, which were prepared, reviewed, and/or approved by
3    Gore and its agents and disseminated by Gore and its agents through the material
4    omissions from the labeling and other marketing. The omissions were nondisclosed
5    material content that a reasonable consumer would consider important when
6    purchasing the Products.

7                    **IV.    FACTUAL ALLEGATIONS**

8    **A.    Environmental stewardship is a material attribute to consumers.**

9          31.    A large portion of consumers increasingly care about the environmental
10   impact of products when making purchasing decisions, with many stating they are
11   willing to pay more for sustainable options and prioritize brands with
12   environmentally conscious practices. According to the McKinsey study, a
13   staggering 78% of U.S. consumers say that a sustainable lifestyle is important to
14   them, and that more than 60% of U.S. consumers disclosed that they care about
15   buying environmentally and ethically sustainable products.[7] According to the
16   study's authors, "the research shows that a wide range of consumers across incomes,
17   life stages, ages, races, and geographies are buying products bearing ESG-related
18   labels."

19         32.    Moreover, as consumers become increasingly aware of the
20   consequences of climate change and environmental degradation, they begin to
21   actively search for and purchase more environmentally friendly products.[8]

22         33.    It is also well documented that consumers are willing to pay a premium
23   for products from supply chains that are less environmentally damaging.
24   PricewaterhouseCoopers recently published a survey that found that consumers

---

[7] https://www.mckinsey.com/industries/consumer-packaged-goods/our-insights/consumers-care-about-sustainability-and-back-it-up-with-their-wallets#/.
[8] https://impact.economist.com/sustainability/ecosystems-resources/an-eco-wakening-measuring-global-awareness-engagement-and-action-for-nature.

CLASS ACTION COMPLAINT – 13

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

were willing to spend 9.7% more, on average, for sustainably produced or sourced goods, despite inflation and cost-of-living concerns.[9] According to Forbes magazine, its annual revenue in 2024 was approximately $3 billion. Studies also show that the market for waterproof-breathable outerwear was approximately $460 million in 2024, of which Gore-Tex enjoys a 70% market share.

34.    In light of these trends, companies are increasingly allocating time, attention, and resources to position their products and supply chains as environmentally responsible. For example, the McKinsey study reviewed actual consumer purchasing behavior over a five-year period to compare products that made one or more ESG-related claims on their packaging to similar products which made none. The McKinsey study found that the packages with the ESG-related claims outperformed products that made none, and that there was "a clear and material link between ESG-related claims and consumer spending."

**B.    Gore knows that environmentally friendly materials and sustainable production processes are material to consumers.**

35.    For more than a decade, Defendant has understood that consumers are concerned about the environmental impact of its Products. For example, as early as 2013, Gore Fabrics initiated a consumer survey on material attributes for consumers when choosing outerwear and found that "environmental factors – the use of environmentally friendly materials and reduced impact production process – are gaining importance" with consumers.[10]

36.    Gore also reiterates in many of its corporate documents its understanding that consumers find Gore's environmental practices to be material when considering which outdoor products to buy. For example, Gore states in its 2022 Sustainability Update report that "sustainability is increasingly at the heart of

---

[9] https://www.pwc.com/gx/en/news-room/press-releases/2024/pwc-2024-voice-of-consumer-survey.html.

[10] https://www.gore-tex.com/sites/default/files/assets/gore_fabrics_responsibility_update_2015.pdf.

CLASS ACTION COMPLAINT – 14

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

[] innovation as we strive to satisfy our customers' need for more sustainable products[.]"[11] And more recently, in December 2024, Gore's Business Leader, Achim Loeffler, expressly highlighted that consumers are not only aware of PFAS but that the use of PFAS is material to their purchase decisions: "many years ago, our customers approached us. We want to have a PFAS-free product, and it should, by the way, performance as well as any PTFE. […] It's high-performance and sustainable because our customers are asking for this."[12]

## C.    Gore devotes considerable marketing resources to position itself as an exemplary environmental steward.

37.    Gore's pervasive marketing campaign has lasted over a decade and saturates consumers with its "green" values message via its websites, use of labels, photo and video displays, corporate reports, public announcements, and social media messaging. Gore's advertising campaign also positions Gore as highly committed to environmental stewardship and an environmental leader within the outdoor apparel industry. Gore's campaign also conveys a common message that its manufacturing processes and business decisions are consistent with these "green" values.

38.    For example, as early as 2012, Gore published an Environmental Statement[13] specifically outlining the steps the company was taking in "minimizing our environmental footprint." The company also explained that environmental stewardship was central to Gore's founders and that the company was devoted to "carrying out that tradition":

---

[11] https://www.gore.com/resources/enterprise-sustainability-update-2022.
[12] https://luxeplace.com/exclusive-interview-with-gore-tex-global-business-leader-how-to-build-strong-brand-identity-in-b2b-and-b2c/.
[13] https://web.archive.org/web/20120214232646/http://www.gore-tex.com/remote/Satellite/content/sponsorships/environmental-statement.

CLASS ACTION COMPLAINT – 15

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX



39. Gore's marketing also redefines the theme of outdoor apparel "performance" to expressly include a commitment to sustainability and green values:

PERFORMANCE FOR PEOPLE. PERFORMANCE FOR THE PLANET

Our performance as a company depends on the sustainable performance of our products, our operations and our people. We are working to protect the planet and people because our society, and our business, depends on it.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX



*"Being fair and responsible to the environment while offering durable products which provide the best in class level of protection lies at the very heart of our culture. This is our founders, Bill and Vieve Gore's, legacy, and we are proud to continue this tradition."*



ROSS MACLAINE
Gore Fabrics Division Sustainability Leader

# PERFORMANCE REDEFINED

We at the Gore Fabrics Division, the maker of GORE-TEX products, know about performance. For over 40 years, we have been designing durable products that are tested to the extreme and perform in the harshest conditions, enabling people to perform at their best. But durable product performance is no longer enough. As we face severe and growing challenges to our climate, environment and society, we are taking responsibility for our actions and contributions.

Our performance depends on a healthy climate, a clean and thriving environment, fair labor conditions and safe working conditions. We are measuring our performance by our ability to protect people and the planet while prolonging the longevity of our products and promoting the wellbeing of individuals.

That's what we call Performance Redefined.



CLASS ACTION COMPLAINT – 17

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX



*We are trusted for high performance products that "do what we say they will do." Maintaining this trust will depend on our continued ability to credibly demonstrate our long-term commitment to caring for people and planet.*



JACQUES RENÉ

Fabrics Division Leader

As the GORE-TEX Brand, we take sustainability as seriously as we take performance.

40.     Gore also identifies environmental stewardship as a "top priority for our business." Even Gore's CEO explains that Gore's "commitment to sustainability is an expression of our Gore brand promise[.]":



*Our commitment to sustainability is an expression of our Gore brand promise, "Together, improving life". Our expectation is that the value of our innovations is greater than the environmental and social impact of our products and operations.*





JASON FIELD

President and CEO at W. L. Gore & Associates

**D.     Gore touts its Gore-Tex Fabric as a sound choice for the environmentally conscious.**

41.     Gore-Tex Fabric generally consists of three layers.[14] Each layer has a distinct role.

---

[14] *The Gore-Tex Membrane: What it is, how it works, and why you need it*, Gore-Tex (Jan. 12, 2022), https://www.gore-tex.com/en_uk/blog/the-gore-tex-membrane-what-it-is-how-it-works-and-why-you-need-it (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 18

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13



14   42.    The outer material layer is to protect the membrane and give extra
15   durability to the jacket.

16   43.    The inner material layer helps to distribute the moisture built up inside
17   the jacket from sweat and then distributes it across a wide surface area, enabling it
18   to evaporate and pass through the Gore-Tex membrane.

19   44.    The Gore-Tex membrane's role is to let water vapor through from the
20   inside whilst keeping water from the outside, out. Until recently Gore-Tex
21   exclusively used an ePTFE (expanded polytetrafluoroethylene) membrane. This is
22   the product that they've built a reputation on since it was first released in 1976, and
23   the one that has ultimately made them the industry leader. Products made with
24   ePTFE are marketed to have excellent breathability, waterproofing, and durability
25   attributes.

26   45.    In addition to these three layers, there is another which sits on the very
27   top—the DWR (Durable Water Repellent) treatment. The DWR coating provides a
28

CLASS ACTION COMPLAINT – 19

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

slippery layer on top of the face fabric which allows water to roll off it, as opposed to water being absorbed by fabric—an effect known as "beading." The primary purpose of the ePTFE Gore-Tex Membrane and the DWR Treatment is to increase the durability and water resistance of apparel and accessories.

46. Gore has acknowledged that, in the past, it has used PTFE and ePTFE products that contained APFO, the ammonium salt form of perfluorooctanoic acid ("PFOA"), a chemical within the broader group of PFAS. However, Gore was forced to phase out use of this chemical in 2014 when the government outlawed the use of PFOA in manufacturing.

47. More recently, in part due to the debate over the health and environmental effects of PFAS, Gore has reassured its customers that its products are "non toxic and safe for the user" and pose no threat to the environment.[15]

R E S P O N S I B I L I T Y

OUR PRODUCTS ARE ENVIRONMENTALLY SOUND AND SAFE TO WEAR

For Gore's Fabrics Division, acting responsibly is a natural outgrowth of Gore's culture. We respect the environment and treat our associates and partners fairly.

48. However, as explained below, instead of coming clean on its use of PFAS and their environmental consequences, Gore instead opted to embark on a significant greenwashing campaign full of material misrepresentations and omissions designed to deceive eco-conscious consumers and safeguard Gore's profits.

**E. Gore's Greenwashing Campaign misleads the public regarding the environmental harm posed by Gore-Tex Fabric via several material omissions.**

49. In 2021, Defendant announced it had developed a new Gore-Tex membrane that uses expanded polyethylene ("ePE"), which does not contain PFAS,

---

[15] https://web.archive.org/web/20190323195518/https://www.gore-tex.com/technology/responsibility.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

and that Gore intended to replace PTFE with ePE in all of its products.[16] Defendant also announced it had developed a new DWR treatment that is PFAS-free and no longer fluorine based.[17]

50.    But Defendant does not disclose that Gore *still* includes ePTFE in several of its current products and *still* uses a DWR treatment derived from PFAS. Gore also omits disclosure that its Gore-Tex Fabric *still* sheds PFAS via ordinary use.

**1.    Gore does not disclose that it currently uses PFAS to manufacture its "PFC\* Free" products.**

51.    PFAS, also known as per- and polyfluoroalkyl substances, refers to a group of thousands of human-made chemicals that have been used since the 1940s. PFAS chemicals have been classified as "forever chemicals"—meaning that they break down very slowly in nature and are potentially dangerous to human health. Once in the environment, they can take thousands of years to break down. They have been labelled "the most persistent human-made chemicals known to date."

52.    PFAS chemicals are often characterized by having strong carbon-fluorine bonds with a hydrophobic (or water-hating) compound tail and a hydrophilic (or water-liking) compound head. As such, PFAS can repel water, oil, stains, and some can remain stable even at extreme temperatures.

53.    PTFE, or polytetrafluoroethylene, is a well-known member of the more general PFAS family.[18] More specifically, PTFE belongs to a specific category of polymers known as fluoropolymers, and is highly suitable for products that need to

---

[16] *Durable Water Repellant*, Gore-Tex, https://www.gore-tex.com/support/care/dwr (last accessed Jan. 28, 2025).

[17] *Science Led Innovation*, Gore-Tex, https://www.gore-tex.com/sustainability/science-led-innovation (last accessed Jan. 28, 2025).

[18] Sara Samore, *The history of PFAS: From World War II to your Teflon pan*, Manufacturing Dive (Dec. 6, 2023), https://www.manufacturingdive.com/news/the-history-behind-forever-chemicals-pfas-3m-dupont-pfte-pfoa-pfos/698254/ (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 21

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

resist damage from harsh substances. One of the most familiar uses of PTFE is Teflon.

54.    ePTFE, or expanded polytetrafluoroethylene, is a type of PTFE. It is softer and more flexible than conventional PTFE. ePTFE memberanes also have millions of microscopic pores that are 20,000 times smaller than a water droplet, but 700 times larger than a water vapor molecule. The Gore-Tex Fabric membrane is currently manufactured using ePTFE and Gore continues to apply a DWR Treatment that contains PFAS.

55.    The use of PFAS in consumer manufacturing is extremely controversial due to the toxicity of the chemicals and their inability to break down over time. According to the Yale School of Public Health, "No safe level of PFAS in the body is considered safe, and [PFAS chemicals] have been linked to a litany of health problems, including cancers. There is also no safe level of PFOA or PFOS exposure." Exposure to PFAS has been scientifically linked to a litany of health risks, including decreased fertility, developmental effects or delays in children, including low birth weight, accelerated puberty, bone variations, and behavioral changes; increased risk of prostate, kidney, and testicular cancers; reduced vaccine response; increased cholesterol levels; and/or risks of obesity. Even DuPont and other manufacturers, such as 3M, had conducted numerous studies as early as the 1950s that revealed the toxic nature of PFAS. These studies also showed the chemicals' persistence in human blood and their links to various health risks, including cancer and birth defects.

56.    PFAS contamination also poses several direct threats to the long-term health of the environment and ecosystems we depend on because these chemicals can persist for hundreds of years before breaking down. A such, the PFAS we use in our everyday products can cumulate almost indefinitely and disproportionately end up in the tissues of wildlife. PFAS can also enter the soil through PFAS-containing pesticides or contaminated sewage sludge. These chemicals can

CLASS ACTION COMPLAINT – 22

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

influence soil pH and structure, as well as harm the small organisms that maintain soil function. PFAS has also been found in rivers, lakes, reservoirs and seas all over the globe. Not only does this harm aquatic wildlife but leads to contamination of drinking water supplies.



57.    Due to the inherent harms associated with PFAS, states have begun to reduce or eliminate their use in consumer manufacturing. According to a 2024 study from Safer States, a national alliance of environmental health organizations, at least 36 states either have or plan to consider at least 450 bills on toxic chemical-related policies involving PFAS, plastics, and cosmetics as key areas.[19] And legislation in California and New York that restricts PFAS in apparel became effective January 1, 2025.[20] As such, retailers must now clearly identify which products for sale contain

---

[19] *Safer States: Bill Tracker*, Safer States, https://www.saferstates.org/bill-tracker/?toxic_chemicals=PFAS (last accessed Jan. 28, 2025).

[20] Cal. AB-1817 (Product safety: textile articles: perfluoroalkyl and polyfluoroalkyl substances (PFAS)), https://leginfo.legislature.ca.gov/faces/billCompareClient.xhtml?bill_id=202120220AB1817&showamends=false (last accessed Jan. 28, 2025); N.Y. PFAS in Apparel Law, https://dec.ny.gov/

CLASS ACTION COMPLAINT – 23

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  PFAS and are prohibited from selling/delivery PFAS-included goods to residents of

2  California and New York. Other states, including Colorado, Connecticut, Maine,

3  Vermont and Washington, are also in the process of, or have enacted, future phase-

4  outs of PFAS in apparel.[21]

5  58.    State attorney generals have also sounded the alarm regarding PFAS and

6  are trying to hold manufacturers, like Gore, accountable for the environmental

7  damage and associated health effects caused by their products. For example, the

8  attorney general of Maryland, Anthony Brown, filed a lawsuit in federal court in

9  December 2024 alleging that Gore "polluted the air and water around its facilities

10  with [PFAS], jeopardizing the health and surrounding communities while raking in

11  profits."[22] Gore was also sued by residents of Cecil County, where much of Gore's

12  manufacturing takes place, for damages stemming from harmful toxins that

13  plaintiffs said leached into the air and the surrounding groundwater in Cecil County.

14  59.    Gore has also been the subject of several private lawsuits for health and

15  environmental damages related to its use of PFAS. In 2022, a previous employee

16  filed suit against Gore for a variety of health conditions that stemmed from PFAS

17  exposure while living in a home within one (1) mile from Gore's Cherry Hill

18  facility.[23] A similar lawsuit was filed in December 2024 by a plaintiff who also

19  resides within close proximity to Gore's Cherry Hill facility.[24]

20

21

---

22  environmental-protection/help-for-businesses/pfas-in-apparel-law (last accessed

23  Jan. 28, 2025).
   [21] *Our Priorities: PFAS "Forever Chemicals," Policies for Addressing PFAS,*

24  Safer States, https://www.saferstates.org/priorities/pfas/ (last accessed Jan. 28,

25  2025).
   [22] https://phys.org/news/2024-12-maryland-sues-maker-gore-

26  tex.html#google_vignette.
   [23] *Sutton v. W.L. Gore & Associates, Inc.*, No. 1:22-cv-01471 (D. Md. 2022).

27  [24] *Martin et al. v. W.L Gore & Associates, Inc.*, No. 1:24-cv-03549 (D. Md.

28  2024).

CLASS ACTION COMPLAINT – 24

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

63.     In addition, when consumers eventually throw out their worn-out Gore-Text Fabric products in their municipal garbage, which many are apt to do because Gore does not advise consumers on how to properly dispose of them, it is highly likely that those products will eventually end up in a landfill to be incinerated. And studies show that Gore-Tex Fabric emits harmful PFAS into the air and water during the municipal solid waste incineration process.[25] Incineration also emits potent greenhouse gases that disproportionately contribute to climate change, such as tetrafluoromethane (which has a warming potential 6,500 times that of carbon dioxide).

**2.     Gore also does not tell consumers that Gore-Tex Fabric also sheds PFAS via ordinary use.**

60.     Studies also show that regular and intended use of ePTFE and/or DWR-treated products may break down the PFAS treatments over time, leading to higher concentrations of PFAS in the product and higher levels of related contamination. For example, a 2020 study found that "weathering can have an effect on PFAS used in DWR of outdoor clothing, both on the PFAS profile and on the measured concentration."[26] PFAS concentrations "increased by 5- to more than 100-fold, while [PFAS] not detected in the original textiles were [later] detected in the weathered samples."[27]

61.     Some tests also show Gore-Tex Fabric exposed to rain can shed types of PFAS from the fabric itself (more specifically PFBA and a small amount of PFOA). This means that hikers who are taking their outdoor apparel on the trails are inadvertently shedding PFAS material straight into the pristine environments they

---

[25] https://pubmed.ncbi.nlm.nih.gov/34388878/.

[26] Ike van der Veen, Anne-Charlotte Hanning, Ann Stare, Pim E.G. Leonards, Jacob de Boer, Jana M. Weiss, *The effect of weathering on per- and polyfluoroalkyl substances (PFASs) from durable water repellent (DWR) clothing*, Chemosphere, Volume 249, June 2020, 126100. DOI: https://doi.org/10.1016/j.chemosphere.2020.126100 (last accessed Jan. 28, 2025).

[27] *Id.*

CLASS ACTION COMPLAINT – 25

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

are appreciating and seeking to preserve. This also means that regular consumers are also inadvertently shedding PFAS into local water supplies while walking on city streets, spending time in their yards, or while enjoying city parks.

62.    Regular washing of DWR-treated Products may also lead to environmental contamination through laundry water. Researchers simulated home laundering of outdoor jackets treated with PFAS and measured the amount of PFAS-based surface treatments in microplastics fibers that were released, resulting in an estimated 2,064 pounds of PFAS released per year.[28]

63.    Defendant's DWR-treated Products can also contaminate the environment even upon disposal. Current EPA-approved methods of disposal include underground injection, hazardous waste landfills, and thermal treatment including incineration.[29] These specific methods of disposal highlight the indestructible nature of PFAS and the concern over contamination.

64.    PFAS can also make its way into drinking water sources through consumer use, such as when PFAS-coated apparel is washed or dry-cleaned. Further, when discarded apparel ends up in a landfill, PFAS can leach into nearby groundwater and waterways:

---

[28] Steffen Schellenberger, Christina Jönsson, Pelle Mellin, Oscar A. Levenstam, Ioannis Liagkouridis, Anton Ribbenstedt, Anne-Charlotte Hanning, Lara Schultes, Merle M. Plassmann, Caiza Persson, Ian T. Cousins, Jonathan P. Benskin, *Release of Side-Chain Fluorinated Polymer-Containing Microplastic Fibers from Functional Textiles During Washing and First Estimates of Perfluoroalkyl Acid Emissions,* Environ. Sci. Technol. 2019 Dec. 17;53(24):14329-14338. DOI: https://doi.org/10.1021/acs.est.9b04165 (last accessed Jan. 28, 2025).

[29] *2024 Interim Guidance on the Destruction and Disposal of PFAS*, EPA, https://www.epa.gov/pfas/interim-guidance-destruction-and-disposal-pfas-and-materials-containing-pfas (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 26

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**3.    Gore has also long been aware of the dangers posed by the use of PFAS.**

65.    Gore's founder was a former DuPont employee who maintained a close business relationship with DuPont. For decades, Gore purchased APFO and PFOA from raw material suppliers such as Dupont and purchased and/or used PTFE products from DuPont and 3M, which manufactured, marketed, and sold these products.[30]

66.    In the 1990s, at least two former DuPont employees—Dr. Jack Hegenbarth and Richard Baillie—who possessed extensive knowledge of the risks associated with PFOA exposure, joined Gore as employees.

67.    Therefore, it is likely that Gore knew about the toxic nature of PFAS and the potential environmental risks posed by human these chemicals.

68.    In May 1984, DuPont held a meeting to address health and environmental concerns related to PFOA, the company's potential liability, available technologies that were capable of controlling and reducing PFOA

---

[30] *See, e.g.*, *Robert W. Gore*, Science History Institute Museum & Library, https://www.sciencehistory.org/education/scientific-biographies/robert-w-gore/#:~: text=Bill%20often%20experimented%20in%20their,%2C%20electrical%2C%20and %20chemical%20properties (last accessed Jan. 24, 2025); https://www.industry documents.ucsf.edu/chemical/docs/#id=mypw0228 (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 27

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

emissions from its manufacturing facilities, as well as potential replacement materials capable of eliminating additional PFOA emissions from its operations.[31]

69.    In the early 1980s, Dr. Hegenbarth received numerous internal DuPont memoranda that discussed the health effects of PFOA exposure, such as the retention of PFOA in the blood, and the environmental impact of PFOA.[32]

70.    In the 1990s, Dr. Hegenbarth joined Gore and brought with him his extensive knowledge of the dangers associated with PFAS exposure. Dr. Hegenbarth led a broad range of Gore's research, development, and manufacturing activities, particularly those focused on PFAS-related issues and advancements in materials involving these chemicals.

71.    In 1996, Richard Baillie, a DuPont chemical engineer with extensive experience in the fluoropolymers operations, joined Gore. While at DuPont, Baillie received internal memoranda and reports that addressed concerns about PFOA exposure, efforts to identify less toxic replacements, and efforts to reduce PFOA environmental emissions.[33] At Gore, Mr. Baillie had a "key role for understanding and dealing with [the] PFOA issue."[34]

72.    As such, it is implausible for Gore not to have been aware of the environmental harm associated with manufacturing Gore-Tex Fabric with PFAS.

---

[31] J.A. Schmid, Letter regarding C-8 Meeting Summary (May 23, 1984), https://cdn.toxicdocs.org/qd/qdNLdmnBdODEMemOG5vo96poj/qdNLdmnBdODEMemOG5vo96poj.pdf (last accessed Jan. 28, 2025).

[32] *See, e.g.*, https://www.toxicdocs.org/search?q=Hegenbarth# (last accessed Jan. 28, 2025).

[33] DuPont memorandum regarding C-8 Ammonium Perfluorooctanoate Fluorosurfactant Strategies and Plans (Sept. 28, 1994), https://www.industrydocuments.ucsf.edu/docs/#id=typw0228 (last accessed Jan. 28, 2025).

[34] Richard Baillie LinkedIn profile, https://www.linkedin.com/in/richard-baillie-8509206 (last accessed Jan. 28, 2025).

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**F.    Gore's Greenwashing Campaign also materially misrepresents the extent of Gore's environmental footprint.**

73.    According to Gore's website, all products that contain the Gore-Tex Fabric membrane and/or Gore-Tex DWR with PFAS are sold with a black diamond-shaped "Hang Tag," and a brown rectangular-shaped "Hang Tag" attached to the product:[35]







74.    Moreover, when consumers scan the QR code on the brown Hang Tag, the consumer is brought to Gore's "Sustainability Website," which includes the following statements and images:

---

[35] https://www.gore-tex.com/support/frequently-asked-questions.

CLASS ACTION COMPLAINT – 29

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX



75.    Gore's statements on its Sustainability Website and on its Hang Tags are misleading to consumers for several reasons.

**1.    Gore's "PFC* Free Laminate" label misconstrues the common definition of the term PFC by unilaterally excluding ePTFE and PTFE.**

76.    Gore prominently states on the Hang Tag that the product includes a "PFC Free* Laminate" made by Gore. Gore also notes on its tag that the "PFC Free*" refers to PFCs of Environmental Concern.

77.    PFC is typically used as an acronym for "perfourinated chemicals," a chemical family consisting mostly of carbon and fluorine, which makes it impervious to heat, acid, water, and other forces that typically break down other chemical compounds. Both academic journals and consumer-oriented definitions of PFC include PTFE within in this chemical family and readily identify Teflon and Gore-Tex as examples of PTFE-based products under the umbrella of PFC products.[36]

---

[36] *See, e.g.*, Environmental Working Group "PFC Dictionary," https://www.ewg.org/research/pfc-dictionary; National Library of Medicine, Genuis SJ, Birkholz D, Ralitsch M, Thibault N. Human detoxification of perfluorinated

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

78.    And yet, Gore decided to create its own definition now called "PFC EC" or PFCs of Environmental Concern. Gore's unilateral definition of PFC EC excludes both PTFE and ePTFE. According to the fine print on Gore's website:

> PTFE is not a PFC of Environmental Concern.  PTFE is safe and environmentally sound.  This fluoropolymer is highly stable, too large to be bioavailable, insoluble in water, and does not degrade in the environment. Therefore, it is not a PFC of Environmental Concern and it does not degrade into them.

79.    By modifying the consistent consumer understanding of PFC to specifically exclude PTFE, Gore misleads consumers to believe that its products and manufacturing process do not contain chemicals that are extremely harmful for the environment.

**2.    Gore's direct-to-consumer sales website confuses consumers by using terms like PFAS, PFC, and PFC\* interchangeably.**

80.    A good example to show how difficult it is for reasonable consumers to determine which products continue to utilize the old PFAS-based ePTFE Gore-Tex Membrane and PFAS-based DWR Treatment compared with the new ePE membrane and non-PFAS-DWR treatment can be found right on Gore's direct-to-consumer sales website, gorewear.com.

81.    In Defendant's product listings on gorewear.com, Defendant states they feature "new thinner, lighter, and PFC-Free" Gore-Tex Fabric.[37] But Defendant also uses the term "PFAS-free" to refer to the same jacket:

---

compounds. Public Health. 2010 Jul;124(7):367-75. doi: 10.1016/j.puhe.2010.03.002. Epub 2010 Jun 19. PMID: 20621793.

[37] *Concurve Gore-Tex Jacket Womens*, Gorewear, https://www.gorewear.com/us/en-us/concurve-gore-tex-jacket-womens-101067 (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 31

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1

2

3

4

5

6

The SPINSHIFT Jacket is specially designed to deliver protective comfort on daily road or gravel rides, featuring a low profile, streamlined fit and innovative body mapping for a second skin-like cycling fit, along with the GUARANTEED TO KEEP YOU DRY promise of the new thinner, lighter* and PFC-Free** GORE-TEX fabric.

Loaded with innovation to tackle daily rides in any condition, the SPINSHIFT cycling jacket features the next-generation GORE-TEX fabric, that is thinner, lighter* and PFC-free** while providing the durable, waterproof, and windproof protection you expect from the GORE-TEX brand. The Kinetic Garment Design ensures a comfortable ergonomic fit for your drop bar position where it moves effortlessly with your body while maintaining a sleek, streamlined profile, whether you're tucked in over the handlebars or in a more relaxed position. * Through laminates with a new lower-mass membrane and select textile(s) (per Higg MSI) ** Advances Gore Fabrics' goal of being free of PFCs of environmental concern over the lifecycle of its consumer products. In this case, the goal is accomplished using non-fluorinated materials.

7

\*\*\*\*\*\*

8

9

10

11

12

13

The SPINSHIFT Jacket is specially designed to deliver protective comfort on daily road or gravel rides, featuring a low profile, streamlined fit and innovative body mapping for a second skin-like cycling fit, along with the GUARANTEED TO KEEP YOU DRY promise of the new thinner, lighter* and PFAS-Free** GORE-TEX fabric.

Loaded with innovation to tackle daily rides in any condition, the SPINSHIFT cycling jacket features the next-generation GORE-TEX fabric, that is thinner, lighter* and PFAS-free** while providing the durable, waterproof, and windproof protection you expect from the GORE-TEX brand. The Kinetic Garment Design ensures a comfortable ergonomic fit for your drop bar position where it moves effortlessly with your body while maintaining a sleek, streamlined profile, whether you're tucked in over the handlebars or in a more relaxed position. * Through laminates with a new lower-mass membrane and select textile(s) (per Higg MSI) ** Advances Gore Fabrics' goal of being free of PFASs of environmental concern over the lifecycle of its consumer products. In this case, the goal is accomplished using non-fluorinated materials.

14

15

16

17

82.    In Defendant's product listings for other products, Defendant simply states that it has a Gore-Tex Membrane, without any explanation as to whether they may contain a PFAS ePTFE Gore-Tex Membrane and/or PFAS-based DWR Treatment:[38]

18

19

20

21

22

23

24

25

26

27

28

---

[38] *Stream Jacket Womens*, Gorewear, https://www.gorewear.com/us/en-us/stream-jacket-womens-100823?variant=8845 (last accessed Jan. 18, 2025).

CLASS ACTION COMPLAINT – 32





NEXT-GENERATION GORE-TEX JACKET

The CONCURVE running jacket features the new GORE-TEX membrane which is thinner, lighter, with a lower carbon footprint*, while delivering the same GUARANTEED TO KEEP YOU DRY promise.

83.     The Omissions wrongfully convey to consumers that the Products have certain superior quality and characteristics that they do not actually possess.

84.     Defendant's forward-facing messaging to consumers through, for example, the Product's labeling and website statements, create an overall impression that there are no PFAS used and/or present in the Products and promises the Products are high quality, safe, and non-toxic.

85.     Furthermore, no reasonable consumer would expect, suspect, or understand that the Products contain or have a material risk of containing PFAS, given the current Federal and state laws concerning PFAS.

86.     Based on the overall impression presented by the Products and misrepresentations by Gore, reasonable consumers, including Plaintiffs, did not know nor did they expect that Products were treated with and/or manufacturing using PFAS.

CLASS ACTION COMPLAINT – 33

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**G.    The rest of Gore's advertising campaign is also misleading.**

**1.    Gore's "Sustainability Commitment" website touts environmental stewardship and prominently features "green" images.**

87.    Gore also creates and maintains websites touting its environmental claims, as it knows that this information is material to consumers.

88.    For example, Gore's Sustainability Commitment website represented Gore to consumers as a business committed to sustainability and to reducing the environmental impact of its business practices and products.[39] Below is an example of Gore's "aggressive" approach to environmental stewardship:



---

[39] *Responsible Usage of Fluorochemicals*, Gore-Tex, https://www.gore-tex.com/en_au/technology/responsibility/pfc-goal (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 34



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

000700-00/2986454 V2

1
2
3
4
5
6
7
8
9



> Gore continuously strives to deliver outdoor products with the optimal combination of high technical performance and sustainability. By adopting the ambitious goal to eliminate PFCs of Environmental Concern from all of our consumer fabrics products we are underlining our decades long commitment to continuously improve the environmental profile of our products. Together with our suppliers, we intend to achieve our goal through an aggressive innovation program that will entail the development of new DWR treatments and membrane materials.

BERNHARD KIEHL
Gore Fabrics Sustainability Leader

10    89.    Under the FAQ section of the Sustainability Commitment website, Gore

11  lists the question "What is the key environmental impact of Gore-Tex garments?"

12  and then states: "Gore-Tex and other Gore fabrics are an environmentally sound

13  choice because they are manufactured responsibly" and that Gore "employ[s] a Life

14  Cycle Assessment approach that considers all aspects of our products [that] starts

15  with the production of raw materials by our suppliers and includes all elements of

16  manufacturing and transportation":

17



WHAT IS THE KEY ENVIRONMENTAL IMPACT OF GORE-TEX GARMENTS?

GORE-TEX and other GORE® fabrics are an environmentally sound choice because they are manufactured responsibly and their durable performance allows apparel to last longer, reducing the use of natural resources and waste.

While some manufacturers of functional materials focus on only part of the story regarding the environmental profile of their products, we employ a Life Cycle Assessment approach that considers all aspects of our products. This starts with the production of raw materials by our suppliers and includes all elements of manufacturing and transportation. We even consider the impact of the washing and drying performed by the consumer over the lifetime of the garment.

Comparing the relative impact of each phase of a GORE-TEX jacket's life, the largest environmental impact occurs during production and finishing of the component materials that make up a garment. In contrast, washing, drying, and retreating during the useful life and disposal incurs a smaller environmental impact.

26    90.    Also under the FAQs, Defendant states that apparel or accessories made

27  with Gore fabrics "can be safely disposed of just like any other apparel product."

28  However, its claims regarding the disposability of the Products fails to adhere to any

CLASS ACTION COMPLAINT – 35

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

uniform and recognized standards for compostability or biodegradability as required by Washington law:[40]

> **HOW SHOULD I DISPOSE OF A GORE-TEX PRODUCT IN AN ENVIRONMENTALLY SAFE WAY?**
>
> Garments or footwear made from GORE® fabrics can be safely disposed of just like any other apparel product.
>
> Contrary to most other plastics, polytetrafluoroethylene (PTFE) - the raw material of our membrane - is not made or processed using plasticizers or stabilizers. It doesn't contain residuals like heavy metals, organotin compounds or phthalates. If disposed of in a landfill, PTFE will not degrade, so it will not contribute to the formation of greenhouse gases (i.e., methane) or release substances into the water or air. In an incineration plant, PTFE is safely converted to carbon dioxide and fluorspar. Potentially harmful gases are captured by pollution control devices (alkaline scrubbers) that have been in place for a number of decades.
>
> Finding ways to extend the useful life of a product has always been the environmentally preferred option over product disposal. One might wish to consider donating footwear or garments to charities or repurposing the product for other applications.

91.    Finally, Defendant makes various assertions related to the sustainability of its products, strategy, and manufacturing:[41]

---

[40] *See* Wash. Rev. Code § 70A.455.010 ("Environmental marketing claims for plastic products, whether implicit or implied, should adhere to uniform and recognized standards for 'compostability' and 'biodegradability,' since misleading, confusing, and deceptive labeling can negatively impact local composting programs and compost processors.").

[41] *Acting Responsibly Through Science-Based Innovation*, Gore, https://www.gore-tex.com/sustainability (last accessed Jan. 28, 2025); https://trekand mountain.com/2024/03/25/epe-gore-texs-quiet-fabric-revolution/ (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 36

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX



As innovators in performance apparel for more than 60 years, we are committed to striving for more sustainable solutions across the industry. Through long-lasting products, science-led innovation, and our commitment to caring beyond with responsible business practices, our goal is to protect people in the outdoors and improve the environmental impact of our operations and products.

**2.    Gore keeps a YouTube channel with similar misleading claims about its environmental stewardship.**

92.    In a video on its YouTube channel, Defendant claims to hold its commitment to sustainability to the same "high level" as its commitment to performance, or "responsible performance."[42] Similarly, on its website, Defendant states, "As the Gore-Tex Brand, we take sustainability as seriously as take performance:"[43]

---

[42] *Responsible Performance - how does the Gore-Tex brand unite sustainability & performance?*, Gore-Tex Brand, https://www.youtube.com/watch?v=plOKGlyGads (last accessed Jan. 28, 2025).

[43] *Acting Responsibly Through Science-Based Innovation*, Gore, https://www.gore-tex.com/sustainability (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 37

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1     **3.**    **Senior Gore employees consistently reinforce Defendant's message**
2           **that its commitment to environmental stewardship is synonymous to its commitment to performance.**

3      93.    In a global marketing campaign, Defendant emphasized its focus on

4  sustainability through a new line of high-performance apparel.[44] Defendant's

5  Fabrics Division sustainability team leader, Silke Kemmerling, stated, "We believe

6  performance and sustainability are not mutually exclusive, and protecting people

7  also means protecting the planet … . Responsible Performance defines our

8  sustainability commitment beyond technical product performance benefits to

9  include a wider combination of protection, comfort and sustainability. We are …

10  striving to create products that positively impact both people and the planet, and

11  deliver the high-performance benefits customers and consumers trust and rely on

12  from us."[45]

13          As the GORE-TEX Brand, we take sustainability as seriously as we take
14                               performance.

15      94.    Repeating its commitment to "Responsible Performance," Defendant's

16  Consumer Fabrics Business Leader, Achim Löffler, stated, "The Gore-Tex brand is

17  committed to being a responsible brand and continuing our journey to discover

18  innovative products that offer customers and consumers high performance and are

19  also sustainable." Defendant's Fabrics Sustainable Leader, Ross MacLaine, echoed

20  that commitment, "We continue to push the boundaries of what is possible in

21  sustainability and performance in our products; lowering our footprint whilst

---

[44] "*Our Work is Never Done" Salutes Gore-Tex's Storied Past and Sustainable Future*, The Drum, https://www.thedrum.com/news/2022/09/15/our-work-never-done-salutes-gore-tex-s-storied-past-and-sustainable-future (last accessed Jan. 28, 2025).

[45] *Id.*

CLASS ACTION COMPLAINT – 38

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

continuing to meet demanding end user performance needs for protection and comfort."[46]

**H.    Gore's practices violate the FTC Green Guides and state consumer protection statutes.**

**1.    The FTC's "Green Guides" provide guidance to consumers, companies, and courts when assessing claims related to PFAS.**

95.    In response to the desire by increasing numbers of consumers to buy environmentally friendly products and of companies to tout the environmental benefits of their products, the FTC released its initial "Guides for the Use of Environmental Marketing Claims" ("Green Guides").[47]

96.    The Green Guides "apply to environmental claims in labeling, advertising, promotional materials, and all other forms of marketing in any medium, whether asserted directly or by implication, through words, symbols, logos, depictions, product brand names, or any other means,"[48] and sets forth guidance to marketers to "avoid making environmental claims that are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45."[49]

97.    "Section 5 of the FTC Act prohibits deceptive acts and practices in or affecting commerce. A representation, omission, or practice is deceptive if it is likely to mislead consumers acting reasonably under the circumstances and is material to consumers' decisions."[50] "Whether a particular claim is deceptive will depend on the net impression of the advertisement, label, or other promotional material at issue."[51]

---

[46] *Gore's Journey of Responsible Performance*, Suston, https://sustonmagazine.com/2022/03/31/gores-journey-of-responsible-performance/ (last accessed Jan. 28, 2025).

[47] U.S. Code of Federal Regulations, Title 16, Part 260 ("Green Guides").

[48] 16 C.F.R. § 260.1(c).

[49] Green Guides § 260.1, available at https://www.ecfr.gov/current/title-16/chapter-I/subchapter-B/part-260.

[50] 16 C.F.R. § 260.2.

[51] 16 C.F.R. § 260.1(d) (emphasis added).

CLASS ACTION COMPLAINT – 39



98.    "To determine if an advertisement is deceptive, marketers must identify all express and implied claims that the advertisement reasonably conveys. Marketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis before they make the claims."[52] "[A] reasonable basis often requires competent and reliable scientific evidence [such as] tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results."[53]

99.    The Green Guides also play a large role in state consumer protection law. At least twelve states[54] have laws that directly incorporate the standards set forth in the Green Guides as the legal standard for lawfully making certain marketing claims.[55] Additionally, twenty-seven states and territories[56] have laws providing that the FTC's interpretation in the Green Guides shall serve as persuasive authority for courts construing a particular state consumer protection law. The Green Guides have also been used as evidence in court proceedings involving false advertising litigation.[57]

---

[52] 16 C.F.R. § 260.2.

[53] 16 C.F.R. § 260.2.

[54] These states are Alabama, California, Florida, Indiana, Maine, Maryland, Michigan, Minnesota, New Mexico, New York, Pennsylvania, Rhode Island, and Washington.

[55] April 24, 2023 Comments to FTC re Green Guides from the states of California, Connecticut, Delaware, Illinois, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, Oregon, Rhode Island, and Wisconsin. https://oag.ca.gov/system/files/attachments/press-docs/Comments%20to%20FTC%20re%20Green%20Guides%204.24.23.pdf.

[56] These are Alabama, Alaska, Arizona, Connecticut, District of Columbia, District of Guam, Florida, Idaho, Georgia, Illinois, Maine, Maryland, Massachusetts, Michigan, Montana, New Hampshire, New Mexico, Ohio, South Carolina, Rhode Island, Texas Tennessee, Utah, Vermont, Washington, and West Virginia.

[57] Ballan & Czarnezki, *supra* note 15, at 565.

CLASS ACTION COMPLAINT – 40

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

100.   The Green Guides address environmental claims by elucidating (1) general principles that apply to all environmental marketing claims; (2) how consumers are likely to interpret particular claims and how marketers can substantiate these claims; and (3) how marketers can qualify their claims to avoid deceiving consumers. The FTC Green Guides also expressly describe a marketer's responsibilities when making environmental claims. Some of these include:

**§ 260.2 Interpretation and substantiation of environmental marketing claims.** A representation, omission, or practice is deceptive if it is likely to mislead consumers acting reasonably under the circumstances and is material to consumers' decisions. To determine if an advertisement is deceptive, marketers must identify all express and implied claims that the advertisement reasonably conveys. Marketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis *before* they make the claims. In the context of environmental marketing claims, a reasonable basis often requires competent and reliable scientific evidence [created] in an objective manner by qualified persons. (emphasis added) (citation omitted)

**§ 260.3 (a) Qualifications & disclosures.** To prevent deceptive claims, qualifications and disclosures should be clear, prominent, and understandable.

**§ 260.3 (c) Overstatement of environmental attribute.** An environmental marketing claim should not overstate, directly or by implication, an environmental attribute or benefit. Marketers should not state or imply environmental benefits if the benefits are negligible. *Example 1:* An area rug is labeled "50% more recycled content than before" [but] the manufacturer increased the recycled content of its rug from 2% recycled fiber to 3%. Although the claim is technically true, it likely conveys the false impression that the manufacturer has increased significantly the use of recycled fiber.

**§ 260.4 General environmental benefit claims.** (a) It is deceptive to misrepresent, directly or by implication, that a product, package or service offers a general environmental benefit. (b) Unqualified general environmental benefit claims are difficult to interpret and likely convey a wide range of meanings. In many cases, such claims likely convey that the product, package, or service has specific and far-reaching environmental benefits that may convey that the item or service has no negative environmental impact. Because it is highly unlikely that marketers can substantiate all reasonable interpretations of these claims,

CLASS ACTION COMPLAINT – 41

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    markets should not make unqualified general environmental benefit claims.

2

3    . . .

4    *Example 3:* A marketer's advertisement features a laser printer in a bird's nest balancing on a tree branch, surrounded by dense forest. In green type, the marketer states, "Buy our printer. Make a change." Although the advertisement does not expressly claim that the product has environmental benefits, the featured images, in combination with the text, likely convey that the product has far reaching environmental benefits and may convey that the product has no negative environmental impact. Because it is highly unlikely that a marketer can substantiate these claims, this advertisement is deceptive.

9

. . .

10

11    **§ 260.6 Certifications and seals of approval**: (a) It is deceptive to misrepresent, directly or by implication, that a product, package has been endorsed or certified by an independent third party. (b) A marketers use of the name, logo, or seal of approval of a third party certifier or organization may be an endorsement, which should meet the criteria of the FTC's Endorsement Guides . . . (c) Third-party certification does not eliminate a marketers' obligation to ensure that it has substantiation for all claims reasonably communicated by the certification. (d) A marketer's use of an environmental certification or seal of approval likely conveys that the product offers a general environmental benefit . . . . Because it is highly unlikely that marketers can substantiate general environmental benefit claims, marketers should not use environmental certifications or seals that do not convey the basis for the certification. (e) . . . To avoid deception, marketers should use clear and prominent qualifying language that clearly conveys that the certification or seal refers only specific and limited benefits.

21    101.    The Green Guides also provide guidance regarding the use of terms such

22    as "sustainability" as this term likely implies certain environmental benefits.

23    Although the Green Guides do not define sustainability per se, "this does not mean

24    unscrupulous marketers are free to deceive consumers."[58] Indeed, according to the

25    FTC, "marketers still are responsible for substantiating consumers' reasonable

26

27    [58] FTC, *The Green Guides Statement of Basis and Purpose* at 258, available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguidesstatement.pdf.

28

CLASS ACTION COMPLAINT – 42

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    understanding of these claims." For example, "if in context reasonable consumers

2    perceive a sustainable claim as a general environmental benefit claim, the marketer

3    must be able to substantiate that claim and all attendant reasonably implied claims"

4    and that, typically, a generic sustainability claim "presents substantiation

5    challenges." For that reason, the FTC has admonished companies not to use

6    unqualified claims such as "sustainable" due to its determination that "it is highly

7    unlikely that they can substantiate reasonable interpretations of these claims."[59]

8        102.   The Green Guides, as well as the state laws referenced herein, apply to

9    Defendant's environmental benefit claims, including but not limited to statements

10   that Gore is "Committed to Sustainability" and strives for "Responsible

11   Performance"; that Gore's products are "environmentally sound" and "made from

12   safe raw materials and chemicals with a traceable, trustworthy origin"; that certain

13   products are made from "PFC* Free Laminate"; that Gore "take sustainability as

14   seriously as we take performance"; and that environmental stewardship is "a top

15   priority for our business" (collectively, the "Environmental Marketing Claims").

16   **2.    Gore's omissions regarding its use of PFAS in its manufacturing**
**process violate the FTC Green Guides and mislead consumers as**

17   **to Gore-Tex's environmental footprint.**

18       103.   The omissions within Gore's Greenwashing Campaign violates several

19   portions of the FTC Green Guides. For example, Gore's failure to disclose that it

20   continues to use PFAS in the manufacturing of ePTFE Gore-Tex Membrane and

21   DWR treatment violates section 260.3(c) Overstatement of environmental attribute.

22   Likewise, Gore's extensive positioning of Gore-Tex Fabric within extremely

23   sensitive environmental areas, along with its omission that its Gore-Tex Fabric sheds

24   PFAS via ordinary use, helps Gore to convey to consumers that Gore-Tex has no

25

26       [59] *FTC Sends Warning Letters to Companies Regarding Diamond Ad*

27   *Disclosures* (Apr. 2, 2019), available at https://www.ftc.gov/news-
events/news/press-releases/2019/04/ftc-sends-warning-letters-companies-regarding-

28   diamond-ad-disclosures.

CLASS ACTION COMPLAINT – 43

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

negative environmental impact. This violates Section 260.4(b) and (c) General Environmental Benefit Claims.

**3.    Gore's labels and misrepresentations also deceive consumers into thinking Gore is committed to environmental stewardship when it is not.**

104.    Gore's statements on its Hang Tags and on its website are environmental benefit claims that fall within the purview of the Green Guides. As explained below, Defendant's statements and claims neither conform to the guidance nor are consistent with the examples provided in the Green Guides.

105.    For example, Gore's Black Hang Tag states that it is "committed to sustainability." But according to Section 260.4 of the Green Guides, broad terms like sustainability can convey a range of reasonable meanings to a reasonable consumer. As such, Gore has a duty under the guides for substantiating all reasonable meanings with competent and reliable scientific evidence. Similarly, Defendant provides no substantiation or support for its statement that its fabrics and ePTFE membranes and DWR treatments are "environmentally sound."

106.    Next, the statement "PFC* Free Laminate" on Gore's Brown Hang Tag violates the Green Guides in two ways. First, the Green Guides state in section 260.9 that "Free-of" claims must not be "deceptive to misrepresent, directly or by implication that a product or package or service is free of, or does not contain or use, a substance." Here, Gore represents that its products do not contain PFCs in a prominent place on the label. But in the fine print of the label, Gore qualifies the commonly understood term of PFCs to its unilateral definition of "PFCs of Environmental Concern" but does not define what that terms mean on the Hang Tag. Instead, consumers would be forced to comb through pages and pages of Gore's website to finally learn that ePTFE is not included in Gore's definition of PFC— even though it is typically included in as a PFC in academic journals, government publications, and consumer-facing websites. Second, Gore does not disclose on the

CLASS ACTION COMPLAINT – 44

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

tag that the product was still treated with a DWR-treated coating that contains PFAS. These practices violate section 260.9 Free-Of Claims of the Green Guides.

107.    Because the net impression of Defendant's Environmental Marketing Claims is likely to mislead reasonable consumers, they are deceptive. The Environmental Marketing Claims are also material to the purchasing decisions of reasonable consumers. Because the claims are deceptive and material and are not supported or substantiated by Gore using competent and reliable scientific evidence, they are in violation of Section 5 of the FTC Act as well as Washington and California state laws.[60]

**I.    Gore can easily remediate its current practices so that they become not misleading to consumers.**

**1.    Gore-Tex can be manufactured without any detectable levels of PFAS.**

108.    There are many PFAS-free alternatives for both Gore-Tex's Membrane and DWR Treatment. For example, in or around 2021, Gore announced that it had created a new compound for its Gore-Tex Membrane that is PFAS-free.[61] Gore also created a PFAS-free DWR Treatment.[62]

109.    Moreover manufacturer-retailer Columbia utilizes a fabric titled OutDry™ that has a PFAS-free membrane and treatment, Nikwax produces water-based, PFAS-free DWR treatments; The North Face's Futurelight Line features a PFC-free DWR treatment and a single-polymer fiber instead of PTFE; Marmot's PreCip Eco jacket is PFC-free and a product from its PFAS-free collection; Helly

---

[60] *See, e.g.*, Cal. Bus. & Prof. Code § 17580.5(a) ("It is unlawful for a person to make an untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied. For the purpose of this section, 'environmental marketing claim' shall include any claim contained in the 'Guides for the Use of Environmental Marketing Claims' published by the Federal Trade Commission.").

[61] *Next Generation Gore-Tex Products with ePE Membrane*, Gore, https://www.gore-tex.com/technology/new-products (last accessed Jan. 28, 2025).

[62] *Durable Water Repellant (DWR)*, Gore, https://www.gore-tex.com/support/care/dwr (last accessed Jan. 28, 2025).

CLASS ACTION COMPLAINT – 45

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    Hansen's products with Lifa Infinity Pro technology, including its Odin 9 Worlds

2    Infinity 3L jacket and Verglas Infinity Shell pants, which are both PFC-free with no

3    added chemicals for water repellency; The North Face's Freedom snow pants that

4    have a PFC-free DWR coating for water resistance; and Salomon running and hiking

5    footwear are PFC or PFC EC-free.[63]

6    **2.    Gore can follow expert guidance on how to more accurately label its Gore-Tex Products so they are not misleading to consumers.**

7    110.    Consumer and environmental groups have long maintained that certain

8    PFAS labeling, that are similar to Gore's misrepresentations, can be confusing and

9    misleading to consumers. One aspect that these groups find most misleading is a

10    retailer's or manufacturer's omission as to the use of PTFE. Below is one example

11    from the Natural Resources Defense Council, a non-governmental organization

12    consisting of three million members and the expertise of over 700 scientists, lawyers,

13    and other environmental specialists.[64] This graphic explains that omitting PTFE

14    from the definition of PFC Free or PFAS Free is misleading to reasonable

15    consumers:

16

17

18

19

20

---

21    [63] *Safest, Non-Toxic Jackets & Raincoats Without PFAS "Forever Chemicals"*,

22    Mamavation (Nov. 8, 2021), https://www.mamavation.com/product-investigations/
    safest-nontoxic-jackets-raincoats-pfas-forever-chemicals.html (last accessed Jan.

23    28, 2025); https://www.fall-line.co.uk/the-north-face-futurelight-and-gore-tex/ (last
    accessed Jan. 28, 2025); https://www.switchbacktravel.com/reviews/marmot-

24    precip-eco (last accessed Jan. 28, 2025); https://www.hellyhansen.com/lifa-infinity-

25    pro (last accessed Jan. 28, 2025); https://www.hellyhansen.com/en_us/shop/
    technologies/lifa-infinity-pro (last accessed Jan. 28, 2025); https://www.rei.com/

26    product/235656/the-north-face-freedom-pants-mens (last accessed Jan. 28, 2025);
    https://www.salomon.com/en-us/blog/pfc-ec-free-footwear (last accessed Jan. 28,

27    2025).

28    [64] https://www.nrdc.org/sites/default/files/toxic-fashion-pfas-apparel-fs.pdf.

CLASS ACTION COMPLAINT – 46

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

| Labels to Watch For | What It Really Means | Recommended Action |
|---|---|---|
| Water-resistant, waterproof, stain-resistant, dirt-repellent, and/or DWR | Products with these labels may indicate presence of PFAS. | Ask the manufacturer if product contains any PFAS (including PTFE). If it does, avoid buying. |
| PFOS and/or PFOA Free | This product may contain PFAS. PFOS and PFOA refer to only two of thousands of PFAS chemicals that could be in the product. | Ask the manufacturer if product contains any PFAS (including PTFE). If it does, avoid buying. |
| PFC Free and/or PFCec Free | This product may contain PFAS. PFC and PFCec could refer to only a subset of PFAS chemicals and not the many thousands that have been developed since the term PFC came into use. | Ask the manufacturer if product contains any PFAS (including PTFE). If it does, avoid buying. |
| PFAS Free | This product could be PFAS free. Manufacturers, however, don't always include a specific type of PFAS called PTFE in their definition of PFAS, so the product may not actually be PFAS free. | Ask the manufacturer if product contains any PTFE. If it does, avoid buying. |

*age 4* | TOXIC FASHION: REMOVE "FOREVER" PFAS CHEMICALS FROM OUR APPAREL                                                                    NRDC

111.   Similarly, non-governmental organizations and academic researchers also criticize the practice of certain companies of equating PFOA and PFOS with the "worst" types of PFAS, while also implying that other PFAS chemicals are more benign to human health and the environment. In truth, once companies were forced to phase out PFOA and PFOS in 2015, they simply developed new chemicals as substitutes. But, just like PFOA and PFOS, these newer chemicals are still persistent, bio-accumulative, and toxic. And fewer studies have been completed to determine their environmental and health effects. Therefore, attempts to differentiate *between* different types of PFAS are misleading to consumers.[65]

---

[65] https://www.cleanwateraction.org/sites/default/files/MA%20PFAS%20Fact%20Sheet%20-%20Shopper%27s%20Guide%20to%20Avoiding%20PFAS.pdf.

CLASS ACTION COMPLAINT – 47

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**Misleading claims:**

When it comes to PFAS, product claims can be misleading.

There are thousands of different types of PFAS. The first two chemicals to be introduced were PFOA (perfluorooctanoic acid) and PFOS (perfluorooctanesulfonic acid.). Voluminous research demonstrates that these chemicals are persistent, bio-accumulative and toxic. As a result, the Environmental Protection Agency worked with industry to phase out American manufacture of these chemicals in 2015.

Industry developed new chemicals to replace PFOA and PFOS. These new chemicals are sometimes called "short-chain" chemicals while PFOA and PFOS are referred to as "long-chain" or legacy chemicals.

**Some industry claims:**

**Long-chain PFAS are unsafe, short-chain PFAS are safe.**
No PFAS have been shown to be safe.

**PFCec Free Durable Water Repellant (DWR) is safe.**
PFCec stands for PFCs of environmental concern, and PFCec Free refers to polymers or shorter chain PFAS that industry claims are safer, but no PFAS have been shown to be safe.

**This pan is PFOA-free and PFOS-free.**
Products that make this claim often have other PFAS.

**Fluoropolymers (large molecules with fluorine) are stable and safe.**
No, they're not. They are made using harmful PFAS chemicals and they can break down into other toxic PFAS.

**Industry claims: PFAS are like berries. They're all different.**
Scientists around the world are calling for restrictions on the entire class of PFAS, because:

- PFAS have common characteristics that make them extremely persistent.
- Those PFAS that have been studied have been found to be toxic at very low doses.
- While every one of the thousands of PFAS have not been fully analyzed, there is enough concern about those PFAS that have been characterized to warrant caution.

# V.    TOLLING OF THE STATUTES OF LIMITATIONS

## A.    Discovery rule tolling

112.   Plaintiffs' claims are timely. They and other class members had no prior knowledge of the omissions. Plaintiffs could not discover Gore's false environmental claims since the true extent of its ongoing use of PFAs contradicting these claims were concealed by the omissions and Gore's long-standing advertising and public relations campaign of actively protecting the environment.

113.   Plaintiffs and other Class members had no way of knowing Gore's deception and coverup about its real negative environmental impact by its continued use of PFAS in face of growing evidence that all PFAS (e.g., both long chained and short chained) result in both health and environmental risks. Even a visit to Gore's website today shows its attempt to falsely recast itself as a protector of the environment and leaving as little negative impact on the environment as possible (exactly what it knew its target market wanted).

114.   Within the time period of any applicable statutes of limitation, Plaintiffs and members of the proposed classes could not have discovered through the exercise of reasonable diligence that Gore was concealing the conduct complained of herein

CLASS ACTION COMPLAINT – 48



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  and was misrepresenting its true position with respect to the sustainability and

2  negative environmental impact it caused by continued use of PFAS in its products.

3      115.  Plaintiffs and the other Class members did not discover, and did not

4  know of, facts that would have caused a reasonable person to suspect that Gore did

5  not report information within its knowledge to federal and state authorities or

6  consumers; nor would a reasonable and diligent investigation have disclosed this

7  information, which was discovered by Plaintiffs only shortly before this action was

8  filed. Nor in any event would such an investigation on the part of Plaintiffs and other

9  Class members have disclosed that Gore valued profits over truthful marketing and

10  compliance with law.

11      116.  For these reasons, all applicable statutes of limitation have been tolled

12  by operation of the discovery rule with respect to claims alleged herein.

13  **B.    Fraudulent concealment tolling**

14      117.  All applicable statutes of limitation have also been tolled by Gore's

15  knowing and active fraudulent concealment, omissions and suppressions, and denial

16  of the facts alleged herein throughout the time period relevant to this action.

17      118.  Instead of directly informing the public about its ongoing use of PFAS

18  that have both environmental and health risk, Gore chose to misconstrue, mislead,

19  and hide its real sustainability issues all while touting itself as taking sustainability

20  "serious" and protecting the environment.

21  **C.    Estoppel**

22      119.  By consistently touting its environmentally friendly products, Gore was

23  under a duty to disclose to Plaintiffs and the other Class members the true character,

24  quality, and nature of the PFAS utilized in its products, including the environmental

25  impact and health risks.

26      120.  Gore knowingly, affirmatively, and actively concealed, omitted or

27  suppressed, or recklessly disregarded the true character, quality, and nature of the

28  PFAS utilized in its products, including the environmental impact and health risks.

CLASS ACTION COMPLAINT – 49



1    121.  Based on the foregoing, Gore is estopped from relying on any statutes

2  of limitations in defense of this action.

3              **VI.    CLASS ACTION ALLEGATIONS**

4    122.  Plaintiffs bring this action on behalf of themselves and as a class action

5  pursuant to the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of

6  Civil Procedure on behalf of the following classes:[66]

7  **Washington Class**

8          All persons who purchased Gore-Tex Fabric between
9          January 1, 2018, and December 31, 2024, in the state of
           Washington.

10  **California Class**

11          All persons who purchased Gore-Tex Fabric between
12          January 1, 2018, and December 31, 2024, in the state of
           California.

13  **Illinois Class**

14          All persons who purchased Gore-Tex Fabric between
15          January 1, 2018, and December 31, 2024, in the state of
           Illinois.

16  **Minnesota Class**

17          All persons who purchased Gore-Tex Fabric between
18          January 1, 2018, and December 31, 2024, in the state of
           Minnesota.

19  **Multistate Class One**

20          All persons who purchased Gore-Tex Fabric between
21          January 1, 2018, and December 31, 2024, in the states of
           Alabama, Florida, Indiana, Maine, Maryland, Michigan,
22          New Mexico, New York, and Pennsylvania.

23  **Multistate Class Two**

24          All persons who purchased Gore-Tex Fabric between
           January 1, 2018, and December 31, 2024, in the states of
25          Alaska, Arizona, Connecticut, Idaho, Georgia,
           Massachusetts, Montana, New Hampshire, Ohio, South
26          Carolina, Tennessee, Texas, Utah, Vermont, West
           Virginia, and the District of Columbia.

27

28    [66] Collectively, the "Class," unless otherwise noted.

CLASS ACTION COMPLAINT – 50



**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

123.    Excluded from the Class are Gore and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiffs reserve the right to revise the Class definition based upon information learned through discovery.

124.    Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

125.    This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

126.    <u>Numerosity</u>. Federal Rule of Civil Procedure 23(a)(1): The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe that annual sales of waterproof breathable textiles in the United States range from $277 to $261 million between 2014 and 2024,[67] and that a significant market share of these sales include products made with Gore-Tex Fabric, and therefore estimate the number of class members to be more than one million. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, email, text messages, social media, Internet postings, and/or published notice.

127.    <u>Commonality and Predominance</u>. Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.    Whether Gore engaged in the conduct alleged herein;

---

[67] https://www.statista.com/statistics/857055/waterproof-breathable-textiles-us-market-value-forecast/

CLASS ACTION COMPLAINT – 51

000700-00/2986454 V2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    b. Whether Gore designed, advertised, marketed, distributed, sold,

2      or otherwise placed Gore-Tex Fabric into the stream of commerce

3      in the United States;

4    c. Whether Gore made specific claims to consumers of

5      environmental stewardship regarding the supply chain for Gore-

6      Tex Fabric;

7    d. Whether Gore knew of the environmental damage caused by

8      using PFAS in the manufacturing process for its Gore-Tex Fabric;

9    e. Whether Gore's conduct violates consumer protection statutes,

10      the common law of fraudulent concealment, and other laws as

11      asserted herein;

12    b. Whether Gore knew or should have known of the PFAS shedding

13      during ordinary use of Gore-Tex Fabric;

14    c. Whether Plaintiffs and the other Class members overpaid for their

15      Gore-Tex Fabric as a result of the fraud alleged herein;

16    d. Whether Plaintiffs and the other Class members are entitled to

17      equitable relief; and

18    e. Whether Plaintiffs and the other Class members are entitled to

19      damages and other monetary relief and, if so, in what amount.

20  128. <u>Typicality</u>. Federal Rule of Civil Procedure 23(a)(3): Plaintiffs' claims

21 are typical of the other Class members' claims because, among other things, all Class

22 members were comparably injured through Gore's wrongful conduct as described

23 above.

24  129. <u>Adequacy</u>. Federal Rule of Civil Procedure 23(a)(4): Plaintiffs are

25 adequate Class representatives because their interests do not conflict with the

26 interests of the other members of the Classes each respectively seeks to represent;

27 Plaintiffs have retained counsel competent and experienced in complex class action

28

CLASS ACTION COMPLAINT – 52

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  litigation; and Plaintiffs intend to prosecute this action vigorously. The Class's

2  interests will be fairly and adequately protected by Plaintiffs and their counsel.

3      130.    Declaratory and Injunctive Relief. Federal Rule of Civil Procedure

4  23(b)(2): Gore has acted or refused to act on grounds generally applicable to

5  Plaintiffs and the other members of the Class, thereby making appropriate final

6  injunctive relief and declaratory relief, as described below, with respect to the Class

7  as a whole.

8      131.    Superiority. Federal Rule of Civil Procedure 23(b)(3): A class action is

9  superior to any other available means for the fair and efficient adjudication of this

10  controversy and no unusual difficulties are likely to be encountered in the

11  management of this class action. The damages or other financial detriment suffered

12  by Plaintiffs and the other Class members are relatively small compared to the

13  burden and expense that would be required to individually litigate their claims

14  against Gore, so it would be impracticable for Class members to individually seek

15  redress for Gore's wrongful conduct. Even if Class members could afford individual

16  litigation, the court system could not. Individualized litigation creates a potential for

17  inconsistent or contradictory judgments, and increases the delay and expense to all

18  parties and the court system. By contrast, the class action device presents far fewer

19  management difficulties and provides the benefits of single adjudication, economy

20  of scale, and comprehensive supervision by a single court.

## I.    CLAIMS FOR RELIEF

**A.    Claims brought on behalf of the Washington Class**

### COUNT I
### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT
### (WASH. REV. CODE ANN. § 19.86.010, *ET SEQ.*)

25      132.    Plaintiff Micah Mason ("Plaintiff" for purposes of all Washington Class

26  Counts) incorporates by reference all preceding allegations as though fully set forth

27  herein.

28      133.    Plaintiff brings this Count on behalf of the Washington Class.

CLASS ACTION COMPLAINT – 53



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

134.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

135.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

136.    The Washington Consumer Protection Act ("Washington CPA") broadly prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.96.010.

137.    Gore committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of Wash. Rev. Code Ann. § 19.96.010.

138.    Gore's deceptive practices, as alleged herein, are injurious to the public interest as it has the capacity to injure other persons.

139.    Gore has violated portions of section 260 of the FTC Green Guides, which have been incorporated into RCWA 70A.455.020 and RCWA 19.86.920.

140.    Gore is liable to Plaintiff for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages, as well as any other remedies the Court may deem appropriate under Wash. Rev. Code Ann. § 19.86.090.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**COUNT II**
**FRAUDULENT CONCEALMENT**
**(BASED ON WASHINGTON LAW)**

141.   Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

142.   Plaintiff brings this Count on behalf of the Washington Class.

143.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

144.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

145.   Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Washington law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex packaging) not misleading. Gore also knew that these representations were false when made.

146.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Washington Class members to make their Gore-Tex

CLASS ACTION COMPLAINT – 55



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Washington Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Washington Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

147.   Accordingly, Gore is liable to Plaintiffs and the other Washington Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

148.   Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and other Washington Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**B.    Claims brought on behalf of the Alabama Class**

<div align="center">

**COUNT III**
**FRAUDULENT CONCEALMENT**
**(BASED ON ALABAMA LAW)**

</div>

149.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

150.   Plaintiffs bring this Count on behalf of the Alabama Class.

151.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

CLASS ACTION COMPLAINT – 56

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

152.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

153.    Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Alabama law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

154.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Alabama Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Alabama Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Alabama Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

155.    Accordingly, Gore is liable to Plaintiffs and the other Alabama Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

156.    Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

CLASS ACTION COMPLAINT – 57

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1     Alabama Class members' rights and the representations that Gore made to them, in

2     order to enrich Gore. Gore's conduct warrants an assessment of punitive damages

3     in an amount sufficient to deter such conduct in the future, which amount is to be

4     determined according to proof.

5 **C.**     **Claims brought on behalf of the Alaska Class**

6
7
<div align="center">

**COUNT IV**
**FRAUDULENT CONCEALMENT**
**(BASED ON ALASKA LAW)**
</div>

8     157.   Plaintiffs incorporate by reference all preceding allegations as though

9     fully set forth herein.

10     158.   Plaintiffs bring this Count on behalf of the Alaska Class.

11     159.   Gore intentionally concealed and suppressed material facts regarding its

12     Gore-Tex Fabric. These material facts included that (i) Gore continues to

13     manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

14     chemical" resistant to degradation even while claiming its products are

15     "environmentally sound" and that Gore is highly committed to "environmental

16     sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

17     DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

18     Fabric sheds PFAS via ordinary use.

19     160.   Gore also made the following misrepresentations that are likely to

20     mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

21     Gore itself created and excludes the extremely harmful PTFE chemical, thereby

22     deviating from common definitions used by the EPA, environmental groups and

23     academic researchers; (ii) Gore's direct-to-consumer sales website confuses

24     consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

25     161. Gore voluntarily represented that its Gore-Tex Fabric was

26     environmentally sustainable and therefore is required to make a full and fair

27     disclosure under Alaska law. Gore therefore had a duty to disclose the material facts

28     as additional information in order to make its Gore-Tex Sustainability Promise

CLASS ACTION COMPLAINT – 58

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    website (as well as Gore's other environmental claims including on its Gore-Tex

2    Fabric packaging) not misleading. Gore also knew that these representations were

3    false when made.

4        162.   Gore's omissions and/or misrepresentations alleged herein caused

5    Plaintiffs and the other Alaska Class members to make their Gore-Tex purchases.

6    Plaintiffs were unaware of these material facts, and had Gore communicated these

7    material facts to consumers, Plaintiffs and the other Alaska Class members would

8    not have purchased Gore-Tex products or would not have purchased Gore-Tex

9    products at the prices they paid. Accordingly, Plaintiffs and the other Alaska Class

10   members have suffered injury in fact, including lost money or property, as a result

11   of Gore's misrepresentations and omissions.

12       163.   Accordingly, Gore is liable to Plaintiffs and the other Alaska Class

13   members for damages in an amount to be proven at trial, including but not limited

14   to, benefit-of-the-bargain damages, restitution and/or diminution of value.

15       164.   Gore's   acts   were   done   wantonly,   maliciously,   oppressively,

16   deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

17   Alaska Class members' rights and the representations that Gore made to them, in

18   order to enrich Gore. Gore's conduct warrants an assessment of punitive damages

19   in an amount sufficient to deter such conduct in the future, which amount is to be

20   determined according to proof.

21   **D.    Claims brought on behalf of the Arizona Class**

22                                   **COUNT V**
                    **VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT**
23                  **(ARIZONA REV. STAT. § 44-1521, *ET SEQ.*)**

24       165.   Plaintiffs hereby incorporate by reference the allegations contained in

25   the preceding paragraphs of this complaint.

26       166.   This claim is brought by Plaintiffs on behalf of the Arizona Class.

27       167.   Gore intentionally concealed and suppressed material facts regarding its

28   Gore-Tex   Fabric.   These   material   facts   included   that   (i)   Gore   continues   to

CLASS ACTION COMPLAINT – 59

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever
2  chemical" resistant to degradation even while claiming its products are
3  "environmentally sound" and that Gore is highly committed to "environmental
4  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a
5  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex
6  Fabric sheds PFAS via ordinary use.

7     168.   Gore also made the following misrepresentations that are likely to
8  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that
9  Gore itself created and excludes the extremely harmful PTFE chemical, thereby
10  deviating from common definitions used by the EPA, environmental groups and
11  academic researchers; and (ii) Gore's direct-to-consumer sales website confuses
12  consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

13     169.   The Arizona Consumer Fraud Act (Arizona CFA) provides that "[t]he
14  act, use or employment by any person of any deception, deceptive act or practice,
15  fraud . . . , misrepresentation, or concealment, suppression or omission of any
16  material fact with intent that others rely upon such concealment, suppression or
17  omission, in connection with the sale . . . of any merchandise whether or not any
18  person has in fact been misled, deceived or damaged thereby, is declared to be an
19  unlawful practice." Ariz. Rev. Stat. § 44-1522(A).

20     170.   Defendants, Plaintiffs, and Arizona Class members are "persons" within
21  the meaning of the Arizona CFA, Ariz. Rev. Stat. § 44-1521(6).

22     171.   The Gore-Tex Fabric at issue is "merchandise" within the meaning of
23  Ariz. Rev. Stat. § 44-1521(5).

24     172.   Defendant's conduct, as set forth above, occurred in the conduct of trade
25  or commerce.

26     173.   Pursuant to the Arizona CFA, Plaintiffs seek monetary relief against
27  Defendant in an amount to be determined at trial. Plaintiffs also seek punitive

28

CLASS ACTION COMPLAINT – 60

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  damages because Defendant engaged in aggravated and outrageous conduct with an

2  evil mind.

3      174.  Plaintiffs also seek an order enjoining each Defendant's unfair,

4  unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper

5  relief available under the Arizona CFA.

<div align="center">

**COUNT VI**
**FRAUDULENT CONCEALMENT**
**(BASED ON ARIZONA LAW)**

</div>

8      175.  Plaintiffs incorporate by reference all preceding allegations as though

9  fully set forth herein.

10     176.  Plaintiffs bring this Count on behalf of the Arizona Class.

11     177.  Gore intentionally concealed and suppressed material facts regarding its

12  Gore-Tex Fabric. These material facts included that (i) Gore continues to

13  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

14  chemical" resistant to degradation even while claiming its products are

15  "environmentally sound" and that Gore is highly committed to "environmental

16  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

17  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

18  Fabric sheds PFAS via ordinary use.

19     178.  Gore also made the following misrepresentations that are likely to

20  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

21  Gore itself created and excludes the extremely harmful PTFE chemical, thereby

22  deviating from common definitions used by the EPA, environmental groups and

23  academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

24  consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

25     179.  Gore voluntarily represented that its Gore-Tex Fabric was

26  environmentally sustainable and therefore is required to make a full and fair

27  disclosure under Arizona law. Gore therefore had a duty to disclose the material

28  facts as additional information in order to make its Gore-Tex Sustainability Promise

CLASS ACTION COMPLAINT – 61

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  website (as well as Gore's other environmental claims including on its Gore-Tex

2  Fabric packaging) not misleading. Gore also knew that these representations were

3  false when made.

4  180.  Gore's omissions and/or misrepresentations alleged herein caused

5  Plaintiffs and the other Arizona Class members to make their Gore-Tex purchases.

6  Plaintiffs were unaware of these material facts, and had Gore communicated these

7  material facts to consumers, Plaintiffs and the other Arizona Class members would

8  not have purchased Gore-Tex products or would not have purchased Gore-Tex

9  products at the prices they paid. Accordingly, Plaintiffs and the other Arizona Class

10  members have suffered injury in fact, including lost money or property, as a result

11  of Gore's misrepresentations and omissions.

12  181.  Accordingly, Gore is liable to Plaintiffs and the other Arizona Class

13  members for damages in an amount to be proven at trial, including but not limited

14  to, benefit-of-the-bargain damages, restitution and/or diminution of value.

15  182.  Gore's  acts  were  done  wantonly,  maliciously,  oppressively,

16  deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

17  Arizona Class members' rights and the representations that Gore made to them, in

18  order to enrich Gore. Gore's conduct warrants an assessment of punitive damages

19  in an amount sufficient to deter such conduct in the future, which amount is to be

20  determined according to proof.

21  **E.    Claims brought on behalf of the California Class**

22  **COUNT VII**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
23  **(CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)**

24  183.  Plaintiff Dionysios Tsirkas ("Plaintiff" for purposes of all California

25  Class Counts) incorporates by reference all preceding allegations as though fully set

26  forth herein.

27  184.  Plaintiffs incorporate by reference all preceding allegations as though

28  fully set forth herein.

CLASS ACTION COMPLAINT – 62


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

185.   Plaintiffs bring this Count on behalf of the California Class.

186.   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

187.   Gore's conduct, as described herein, was and is in violation of the UCL in at least the following ways:

188.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

189.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

190.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other California Class members to make their Gore-Tex purchases. Absent those omissions and/or misrepresentations, Plaintiffs and the other California Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other California Class members have suffered injury in fact,

CLASS ACTION COMPLAINT – 63

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  including lost money or property, as a result of Gore's misrepresentations and

2  omissions.

3       191.  Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts

4  or practices by Gore under Cal. Bus. & Prof. Code § 17200.

5       192.  Plaintiffs request that this Court enter such orders or judgments as may

6  be necessary to enjoin Gore from continuing its unfair, unlawful, and/or deceptive

7  practices and to restore to Plaintiffs and members of the California Class any money

8  it acquired by unfair competition, including restitution and/or restitutionary

9  disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code

10  § 3345; and for such other relief set forth below.

11                                **COUNT VIII**
              **FRAUDULENT CONCEALMENT**

12            **(BASED ON CALIFORNIA LAW)**

13       193.  Plaintiffs incorporate by reference all preceding allegations as though

14  fully set forth herein.

15       194.  Plaintiffs bring this Count on behalf of the California Class.

16       195.  Gore intentionally concealed and suppressed material facts regarding its

17  Gore-Tex Fabric. These material facts included that (i) Gore continues to

18  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

19  chemical" resistant to degradation even while claiming its products are

20  "environmentally sound" and that Gore is highly committed to "environmental

21  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

22  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

23  Fabric sheds PFAS via ordinary use.

24       196.  Gore also made the following misrepresentations that are likely to

25  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

26  Gore itself created and excludes the extremely harmful PTFE chemical, thereby

27  deviating from common definitions used by the EPA, environmental groups and

28

CLASS ACTION COMPLAINT – 64

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

197. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under California law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

198. Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other California Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other California Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other California Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

199. Accordingly, Gore is liable to Plaintiffs and the other California Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

200. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other California Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 65

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**F.    Claims brought on behalf of the Connecticut Class**

### COUNT IX
### VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (CONN. GEN. STAT. § 42-110A, *ET SEQ.*)

201.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

202.    This claim is brought by Plaintiffs on behalf of the Connecticut Class.

203.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

204.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

205.    The Connecticut Unfair Trade Practices Act (Connecticut UTPA) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).

206.    Defendant is a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3).

CLASS ACTION COMPLAINT – 66

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    207.   Defendant's challenged conduct occurred in "trade" or "commerce"
2    within the meaning of Conn. Gen. Stat. § 42-110a(4).

3    208.   Plaintiffs and Connecticut Class members are entitled to recover their
4    actual damages, punitive damages, and attorneys' fees pursuant to Conn. Gen. Stat.
5    § 42-110g.

6    209.   Defendant acted with reckless indifference to another's rights, or
7    wanton or intentional violation of another's rights and otherwise engaged in conduct
8    amounting to a particularly aggravated, deliberate disregard for the rights and safety
9    of others. Therefore, punitive damages are warranted.

**COUNT X**
**FRAUDULENT CONCEALMENT**
**(BASED ON CONNECTICUT LAW)**

10
11

12    210.   Plaintiffs incorporate by reference all preceding allegations as though
13    fully set forth herein.

14    211.   Plaintiffs bring this Count on behalf of the Connecticut Class.

15    212.   Gore intentionally concealed and suppressed material facts regarding its
16    Gore-Tex Fabric. These material facts included that (i) Gore continues to
17    manufacture its ePFTE membrane using PFAS, an extremely harmful "forever
18    chemical" resistant to degradation even while claiming its products are
19    "environmentally sound" and that Gore is highly committed to "environmental
20    sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a
21    DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex
22    Fabric sheds PFAS via ordinary use.

23    213.   Gore also made the following misrepresentations that are likely to
24    mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that
25    Gore itself created and excludes the extremely harmful PTFE chemical, thereby
26    deviating from common definitions used by the EPA, environmental groups and
27    academic researchers; and (ii) Gore's direct-to-consumer sales website confuses
28    consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

CLASS ACTION COMPLAINT – 67

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

214. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Connecticut law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

215. Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Connecticut Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Connecticut Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Connecticut Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

216. Accordingly, Gore is liable to Plaintiffs and the other Connecticut Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

217. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Connecticut Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 68

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**G.    Claims brought on behalf of the District of Columbia ("DC")**

<div align="center">

**COUNT XI**
**FRAUDULENT CONCEALMENT**
**(BASED ON DC LAW)**

</div>

218.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

219.   Plaintiffs bring this Count on behalf of the DC Class.

220.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

221.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

222.   Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under District of Columbia law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

CLASS ACTION COMPLAINT – 69

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

223.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other DC Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other DC Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other DC Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

224.   Accordingly, Gore is liable to Plaintiffs and the other DC Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

225.   Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other DC Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## H.    Claims brought on behalf of the Florida Class

### COUNT XII
### FRAUDULENT CONCEALMENT
### (BASED ON FLORIDA LAW)

226.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

227.   Plaintiffs bring this Count on behalf of the Florida Class.

228.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental

CLASS ACTION COMPLAINT – 70

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

229.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

230.   Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Florida law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

231.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Florida Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Florida Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Florida Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

232.   Accordingly, Gore is liable to Plaintiffs and the other Florida Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

CLASS ACTION COMPLAINT – 71

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  233.  Gore's acts were done wantonly, maliciously, oppressively,

2  deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

3  Florida Class members' rights and the representations that Gore made to them, in

4  order to enrich Gore. Gore's conduct warrants an assessment of punitive damages

5  in an amount sufficient to deter such conduct in the future, which amount is to be

6  determined according to proof.

7  **I.    Claims brought on behalf of the Georgia Class**

8
**COUNT XIII**
**FRAUDULENT CONCEALMENT**
9
**(BASED ON GEORGIA LAW)**

10  234.  Plaintiffs incorporate by reference all preceding allegations as though

11  fully set forth herein.

12  235.  Plaintiffs bring this Count on behalf of the Georgia Class.

13  236.  Gore intentionally concealed and suppressed material facts regarding its

14  Gore-Tex Fabric. These material facts included that (i) Gore continues to

15  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

16  chemical" resistant to degradation even while claiming its products are

17  "environmentally sound" and that Gore is highly committed to "environmental

18  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

19  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

20  Fabric sheds PFAS via ordinary use.

21  237.  Gore also made the following misrepresentations that are likely to

22  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

23  Gore itself created and excludes the extremely harmful PTFE chemical, thereby

24  deviating from common definitions used by the EPA, environmental groups and

25  academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

26  consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

27  238.  Gore voluntarily represented that its Gore-Tex Fabric was

28  environmentally sustainable and therefore is required to make a full and fair

CLASS ACTION COMPLAINT – 72

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    disclosure under Georgia law. Gore therefore had a duty to disclose the material

2    facts as additional information in order to make its Gore-Tex Sustainability Promise

3    website (as well as Gore's other environmental claims including on its Gore-Tex

4    Fabric packaging) not misleading. Gore also knew that these representations were

5    false when made.

6         239.   Gore's omissions and/or misrepresentations alleged herein caused

7    Plaintiffs and the other Georgia Class members to make their Gore-Tex purchases.

8    Plaintiffs were unaware of these material facts, and had Gore communicated these

9    material facts to consumers, Plaintiffs and the other Georgia Class members would

10   not have purchased Gore-Tex products or would not have purchased Gore-Tex

11   products at the prices they paid. Accordingly, Plaintiffs and the other Georgia Class

12   members have suffered injury in fact, including lost money or property, as a result

13   of Gore's misrepresentations and omissions.

14        240.   Accordingly, Gore is liable to Plaintiffs and the other Georgia Class

15   members for damages in an amount to be proven at trial, including but not limited

16   to, benefit-of-the-bargain damages, restitution and/or diminution of value.

17        241.   Gore's acts were done wantonly, maliciously, oppressively,

18   deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

19   Georgia Class members' rights and the representations that Gore made to them, in

20   order to enrich Gore. Gore's conduct warrants an assessment of punitive damages

21   in an amount sufficient to deter such conduct in the future, which amount is to be

22   determined according to proof.

23   **J.    Claims brought on behalf of the Idaho Class**

24                              **COUNT XIV**
     **VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT**
25              **(IDAHO CODE ANN. § 48-601, *ET SEQ.*)**

26        242.   Plaintiffs hereby incorporate by reference the allegations contained in

27   the preceding paragraphs of this complaint.

28        243.   This claim is brought by Plaintiffs on behalf of the Idaho Class.

CLASS ACTION COMPLAINT – 73



244. Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

245. Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

246. The Idaho Consumer Protection Act (Idaho CPA) prohibits deceptive business practices, including, but not limited to, "(11) [m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions"; "(17) [e]ngaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer"; or "(18) engaging in any unconscionable method, act or practice in the conduct of trade or commerce," Idaho Code Ann. § 48-603.

247. Defendant is a "person" under Idaho Code Ann. § 48-602(1).

248. Defendant's acts or practices as set forth above occurred in the conduct of "trade" or "commerce" under Idaho Code Ann. § 48-602(2).

249. Pursuant to Idaho Code § 48-608, Plaintiffs seek monetary relief against Defendant measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $1000 for each plaintiff.

CLASS ACTION COMPLAINT – 74

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

250.  Plaintiffs also seek an order enjoining Defendant's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Idaho CPA.

251.  Plaintiffs also seek punitive damages against Defendant because Defendant's conduct evidences an extreme deviation from reasonable standards. Defendant flagrantly, maliciously, and fraudulently misrepresented the environmental sustainability of Gore-Tex Fabric and concealed facts that only it knew. Defendant's unlawful conduct constitutes malice, oppression and fraud warranting punitive damages.

<div align="center">

**COUNT XV**
**FRAUDULENT CONCEALMENT**
**(BASED ON IDAHO LAW)**

</div>

252.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

253.  Plaintiffs bring this Count on behalf of the Idaho Class.

254.  Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

255.  Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

CLASS ACTION COMPLAINT – 75

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

256.    Gore    voluntarily    represented    that    its    Gore-Tex    Fabric    was environmentally sustainable and therefore is required to make a full and fair disclosure under Idaho law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

257.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Idaho Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Idaho Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Idaho Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

258.    Accordingly, Gore is liable to Plaintiffs and the other Idaho Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

259.    Gore's    acts    were    done    wantonly,    maliciously,    oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Idaho Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

000700-00/2986454 V2

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**K.    Claims brought on behalf of the Illinois Class**

### COUNT XVI
### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 ILCS 505/1, *ET SEQ.* AND 720 ILCS 295/1A)

260.    Plaintiff Adrian Washington ("Plaintiff" for purposes of all Illinois Class Counts) incorporates by reference all preceding allegations as though fully set forth herein.

261.    Plaintiff Adrian Washington brings this Count on behalf of the Illinois Class.

262.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

263.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

264.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including, but not limited to, the use of employment of any deception, fraud, false pretense, tales promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or

CLASS ACTION COMPLAINT – 77

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

omission of such material fact . . . in the conduct of trade or commerce . . . whether any person has in fact been misled, deceived, or damaged thereby." 815 ILCS 505/2.

265.   Gore is a "person" as that term is defined in 815 ILCS 505/1(c).

266.   Plaintiff and Illinois Class members are "consumers" as that term is defined in 815 ILCS 505/1(e).

267.   815 Ill. Comp. Stat. Ann. 505/2 provides that "in construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

268.   Gore's overall packaging misled and deceived reasonable consumers because Gore omitted, suppressed, and concealed that its Gore-Tex Fabric was not environmentally beneficial, while representing environmentally beneficial quality and characteristics.

269.   Gore's communications on its Gore-Tex Fabric packaging demonstrate the

270.   misleading nature of the material omissions, concealments, and suppression of material facts about its environmentally degrading manufacturing practices.

271.   Based on the overall impression given by the packaging communications and

272.   misrepresentations and omissions, reasonable consumers would be misled by Gore-Tex Fabric's true environmental impact based on overall impression of labels. Based on the overall impression of the packaging, no reasonable consumer could expect or understand that Gore-Tex Fabric was manufactured using environmentally degrading practices.

273.   Pursuant to 815 ILCS 505/10a(a), Plaintiff seeks monetary relief against Gore in the amount of actual damages as well as punitive damages because Gore acted with fraud and/or malice and/or was grossly negligent, and concealed, suppressed, and omitted material information.

CLASS ACTION COMPLAINT – 78



274.   Plaintiff also seeks an order enjoining Gore's unfair and/or deceptive acts or practices, attorneys' fees, and any other just and proper relief available under 815 ILCS 505/1, et seq.

## COUNT XVII
## FRAUD BY CONCEALMENT
## (BASED ON ILLINOIS LAW)

275.   Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

276.   Plaintiff Adrian Washington brings this Count on behalf of the Illinois Class.

277.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

278.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

279.   Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Illinois law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex

CLASS ACTION COMPLAINT – 79

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Fabric packaging) not misleading. Gore also knew that these representations were false when made.

280. Gore's omissions and/or misrepresentations alleged herein caused Plaintiff and the other Illinois Class members to make their Gore-Tex purchases. Plaintiff was unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiff and the other Illinois Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiff and the other Illinois Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

281. Accordingly, Gore is liable to Plaintiff and the other Illinois Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

282. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and other Illinois Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## L.    Claims brought on behalf of the Indiana Class

### COUNT XVIII
### FRAUDULENT CONCEALMENT
### (BASED ON INDIANA LAW)

283. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

284. Plaintiffs bring this Count on behalf of the Indiana Class.

285. Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

CLASS ACTION COMPLAINT – 80

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    chemical" resistant to degradation even while claiming its products are
2    "environmentally sound" and that Gore is highly committed to "environmental
3    sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a
4    DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex
5    Fabric sheds PFAS via ordinary use.

6    286.   Gore also made the following misrepresentations that are likely to
7    mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that
8    Gore itself created and excludes the extremely harmful PTFE chemical, thereby
9    deviating from common definitions used by the EPA, environmental groups and
10   academic researchers; and (ii) Gore's direct-to-consumer sales website confuses
11   consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

12   287.   Gore voluntarily represented that its Gore-Tex Fabric was
13   environmentally sustainable and therefore is required to make a full and fair
14   disclosure under Indiana law. Gore therefore had a duty to disclose the material facts
15   as additional information in order to make its Gore-Tex Sustainability Promise
16   website (as well as Gore's other environmental claims including on its Gore-Tex
17   Fabric packaging) not misleading. Gore also knew that these representations were
18   false when made.

19   288.   Gore's omissions and/or misrepresentations alleged herein caused
20   Plaintiffs and the other Indiana Class members to make their Gore-Tex purchases.
21   Plaintiffs were unaware of these material facts, and had Gore communicated these
22   material facts to consumers, Plaintiffs and the other Indiana Class members would
23   not have purchased Gore-Tex products or would not have purchased Gore-Tex
24   products at the prices they paid. Accordingly, Plaintiffs and the other Indiana Class
25   members have suffered injury in fact, including lost money or property, as a result
26   of Gore's misrepresentations and omissions.

27

28

CLASS ACTION COMPLAINT – 81

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

289.  Accordingly, Gore is liable to Plaintiffs and the other Indiana Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

290.  Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Indiana Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**M.    Claims brought on behalf of the Maine Class**

**COUNT XIX**
**FRAUDULENT CONCEALMENT**
**(BASED ON MAINE LAW)**

291.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

292.  Plaintiffs bring this Count on behalf of the Maine Class.

293.  Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

294.  Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and

CLASS ACTION COMPLAINT – 82

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

295. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Maine law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

296. Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Maine Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Maine Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Maine Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

297. Accordingly, Gore is liable to Plaintiffs and the other Maine Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

298. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Maine Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 83

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**N.     Claim brought on behalf of the Maryland Class**

### COUNT XX
### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### (MD. CODE, COM. LAW § 13-101, *ET SEQ.*))

299.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

300.    This claim is brought by Plaintiffs on behalf of the Maryland Class.

301.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

302.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

303.    The Maryland Consumer Protection Act (Maryland CPA) provides that a person may not engage in any unfair or deceptive trade practice in the sale or lease of any consumer good, including "failure to state a material fact if the failure deceives or tends to deceive"; "false or misleading representation[s] of fact which concern[] . . . [t]he reason of or the existence or amount of a price reduction"; and "[d]eception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a

CLASS ACTION COMPLAINT – 84

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  consumer rely on the same," Md. Code, Com. Law § 13-301, regardless of whether

2  the consumer is actually deceived or damaged, Md. Code, Com. Law § 13-302.

3     304.  Defendant, Plaintiffs, and Maryland Class members are "persons"

4  within the meaning of Md. Code, Com. Law § 13-101(h).

5     305.  Pursuant to Md. Code, Com. Law § 13-408, Plaintiffs seek actual

6  damages, attorneys' fees, and any other just and proper relief available under the

7  Maryland CPA.

8                            **COUNT XXI**
                      **FRAUDULENT CONCEALMENT**
9                     **(BASED ON MARYLAND LAW)**

10    306.  Plaintiffs incorporate by reference all preceding allegations as though

11  fully set forth herein.

12    307.  Plaintiffs bring this Count on behalf of the Maryland Class.

13    308.  Gore intentionally concealed and suppressed material facts regarding its

14  Gore-Tex Fabric. These material facts included that (i) Gore continues to

15  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

16  chemical" resistant to degradation even while claiming its products are

17  "environmentally sound" and that Gore is highly committed to "environmental

18  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

19  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

20  Fabric sheds PFAS via ordinary use.

21    309.  Gore also made the following misrepresentations that are likely to

22  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

23  Gore itself created and excludes the extremely harmful PTFE chemical, thereby

24  deviating from common definitions used by the EPA, environmental groups and

25  academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

26  consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

27    310.  Gore voluntarily represented that its Gore-Tex Fabric was

28  environmentally sustainable and therefore is required to make a full and fair

CLASS ACTION COMPLAINT – 85

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

disclosure under Maryland law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

311.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Maryland Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Maryland Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Maryland Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

312.    Accordingly, Gore is liable to Plaintiffs and the other Maryland Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

313.    Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Maryland Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**O.    Claim brought on behalf of the Massachusetts Class**

<div align="center">

**COUNT XXII**
**FRAUD BY CONCEALMENT**
**(BASED ON MASSACHUSETTS LAW)**

</div>

314.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

315.    Plaintiffs bring this Count on behalf of the Massachusetts Class.

CLASS ACTION COMPLAINT – 86

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

316.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

317.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

318.    Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Massachusetts law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

319.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Massachusetts Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Massachusetts Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Massachusetts Class members have suffered injury in fact,

CLASS ACTION COMPLAINT – 87

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1   including lost money or property, as a result of Gore's misrepresentations and

2   omissions.

3       320.    Accordingly, Gore is liable to Plaintiffs and the other Massachusetts

4   Class members for damages in an amount to be proven at trial, including but not

5   limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

6       321.    Gore's    acts    were    done    wantonly,    maliciously,    oppressively,

7   deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

8   Massachusetts Class members' rights and the representations that Gore made to

9   them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive

10  damages in an amount sufficient to deter such conduct in the future, which amount

11  is to be determined according to proof.

12  **P.    Claim brought on behalf of the Michigan Class**

13
    <div align="center">

    **COUNT XXIII**
    **VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**
14  **(MICH. COMP. LAWS § 445.903, *ET SEQ.*)**
    </div>

15      322.    Plaintiffs hereby incorporate by reference the allegations contained in

16  the preceding paragraphs of this complaint.

17      323.    This claim is brought by Plaintiffs on behalf of the Michigan Class.

18      324.    Gore intentionally concealed and suppressed material facts regarding its

19  Gore-Tex Fabric. These material facts included that (i) Gore continues to

20  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

21  chemical" resistant to degradation even while claiming its products are

22  "environmentally sound" and that Gore is highly committed to "environmental

23  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

24  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

25  Fabric sheds PFAS via ordinary use.

26      325.    Gore also made the following misrepresentations that are likely to

27  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

28  Gore itself created and excludes the extremely harmful PTFE chemical, thereby

CLASS ACTION COMPLAINT – 88

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

326.    The Michigan Consumer Protection Act (Michigan CPA) prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," including "[m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions"; "[f]ailing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer"; "charging the consumer a price that is grossly in excess of the price at which similar property or services are sold"; "[m]aking a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is"; or "[f]ailing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." Mich. Comp. Laws § 445.903(1).

327.    Plaintiffs and Michigan Class members are "person[s]" within the meaning of the Mich. Comp. Laws § 445.902(1)(d).

328.    Defendant is a "person" engaged in "trade or commerce" within the meaning of the Mich. Comp. Laws § 445.902(1)(d) and (g).

329.    Plaintiffs seek injunctive relief to enjoin Defendant from continuing its unfair and deceptive acts; monetary relief against Defendant measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $250 for each plaintiff; reasonable attorneys' fees; and any other just and proper relief available under Mich. Comp. Laws § 445.911.

330.    Plaintiffs also seek punitive damages because Defendant carried out despicable conduct with willful and conscious disregard of the rights and safety of others. Defendants maliciously and egregiously misrepresented the environmental

CLASS ACTION COMPLAINT – 89

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  sustainability of Gore-Tex Fabric. Defendant's conduct constitutes malice,

2  oppression, and fraud warranting punitive damages.

3                          **COUNT XXIV**
                   **FRAUDULENT CONCEALMENT**
4                    **(BASED ON MICHIGAN LAW)**

5      331.  Plaintiffs incorporate by reference all preceding allegations as though

6  fully set forth herein.

7      332.  Plaintiffs bring this Count on behalf of the Michigan Class.

8      333.  Gore intentionally concealed and suppressed material facts regarding its

9  Gore-Tex Fabric. These material facts included that (i) Gore continues to

10  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

11  chemical" resistant to degradation even while claiming its products are

12  "environmentally sound" and that Gore is highly committed to "environmental

13  sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

14  DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

15  Fabric sheds PFAS via ordinary use.

16     334.  Gore also made the following misrepresentations that are likely to

17  mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

18  Gore itself created and excludes the extremely harmful PTFE chemical, thereby

19  deviating from common definitions used by the EPA, environmental groups and

20  academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

21  consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

22     335.  Gore voluntarily represented that its Gore-Tex Fabric was

23  environmentally sustainable and therefore is required to make a full and fair

24  disclosure under Michigan law. Gore therefore had a duty to disclose the material

25  facts as additional information in order to make its Gore-Tex Sustainability Promise

26  website (as well as Gore's other environmental claims including on its Gore-Tex

27  Fabric packaging) not misleading. Gore also knew that these representations were

28  false when made.

CLASS ACTION COMPLAINT – 90


**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

336.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Michigan Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Michigan Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Michigan Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

337.   Accordingly, Gore is liable to Plaintiffs and the other Michigan Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

338.   Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Michigan Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## Q.   Claims brought on behalf of the Minnesota Class

### COUNT XXV
### VIOLATIONS OF MINNESOTA DECEPTIVE TRADE PRACTICES; ENVIRONMENTAL MARKETING CLAIMS
### (MINN. STAT. § 325E.41, *ET SEQ.*)

339.   Plaintiff Scott B. Johnson ("Plaintiff" for purposes of all Minnesota Class Counts) incorporates by reference all preceding allegations as though fully set forth herein.

340.   Plaintiff Scott B. Johnson brings this Count on behalf of the Minnesota Class.

341.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to

CLASS ACTION COMPLAINT – 91

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

342.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

343.    Defendant violated Minn. Stat. § 325E.41 by making deceptive and misleading general environmental benefit claims (including sustainability claims) and failing to disclose material omitted information related to these statements.

344.    Defendant made these material misrepresentations and omissions to induce reasonable consumers to purchase its Gore-Tex Fabric.

345.    Defendant knew that the material misrepresentations and omissions were misleading to reasonable consumers and in violation of Code of Federal Regulations, title 16, part 260, "Guides for the Use of Environmental Marketing Claims" ("Green Guides").

346.    Specifically, 260.4 General environmental benefit claims states: "It is deceptive to misrepresent, directly or by implication, that a product, package, or service offers a general environmental benefit…Unqualified general environmental benefit claims are difficult to interpret and likely convey a wide range of meanings. In many cases, such claims likely convey that the product, package, or service has specific and far-reaching environmental benefits and may convey that the item or service has no negative environmental impact. Because it is highly unlikely that

CLASS ACTION COMPLAINT – 92

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

marketers can substantiate all reasonable interpretations of these claims, marketers should not make unqualified general environmental benefit claims." (Emphasis added.)

347.   Defendant's pattern of deceptive and misleading misrepresentations and omissions, and other misleading conduct were likely to deceive or cause misunderstanding and did in fact deceive Plaintiff and the Minnesota Class with respect to the Gore-Tex Fabrics' quality, nature of the ingredients, and suitability for consumption.

348.   Defendant intended for Plaintiff and the Minnesota Class to rely on the material misrepresentations and omissions, concealment, expressed warranties, and/or deceptions regarding the environmental benefits and sustainability of its Gore-Tex Fabric.

349.   Defendant's conduct described herein occurred repeatedly in its trade or business and were capable of deceiving a substantial portion of the consuming public.

350.   Defendant violated Minn. Stat. §325E.41 by making misrepresentations on its packaging and website that violated the Green Guides.

351.   Defendant was under a duty to disclose the omissions because Defendant undertook the disclosure of information about the Gore-Tex Fabric that violated the Green Guides.

352.   Defendant failed to discharge its duty to disclose the Omissions.

353.   The facts concealed, omitted, or not disclosed by Defendant were material facts in that Plaintiff, the Minnesota Class, and any reasonable consumer would have considered them in deciding whether to purchase the Gore-Tex Fabric. Had Plaintiff and the Minnesota Class known the truth, they would not have purchased the Gore-Tex Fabric or paid the premium price.

354.   Defendant's unlawful conduct is continuing, with no indication that it intends to cease this fraudulent course of conduct.

000700-00/2986454 V2



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

355.   As a direct and proximate result of Defendant's conduct, Plaintiff and the Minnesota Class suffered actual damages by: (1) paying a premium price; (2) purchasing Gore-Tex Fabric they would not have purchased; and/or (3) receiving Gore-Tex Fabric that were worth less.

356.   Plaintiff and the members of the Minnesota Class would not have purchased Gore-Tex Fabric at all had they known that Gore-Tex Fabric does not conform to the packaging.

357.   Pursuant to Minn. Stat. § 8.31, subd. 3a, and § 325E.41, Plaintiff and the Minnesota Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's violations of the Minn. Stat. § 325E.41.

**COUNT XXVI**
**FRAUDULENT CONCEALMENT**
**(BASED ON MINNESOTA LAW)**

358.   Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

359.   Plaintiff Scott B. Johnson bring this Count on behalf of the Minnesota Class.

360.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

361.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby

CLASS ACTION COMPLAINT – 94

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    deviating from common definitions used by the EPA, environmental groups and
2    academic researchers; and (ii) Gore's direct-to-consumer sales website confuses
3    consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

4    362.    Gore    voluntarily    represented    that    its    Gore-Tex    Fabric    was
5    environmentally sustainable and therefore is required to make a full and fair
6    disclosure under Minnesota law. Gore therefore had a duty to disclose the material
7    facts as additional information in order to make its Gore-Tex Sustainability Promise
8    website (as well as Gore's other environmental claims including on its Gore-Tex
9    Fabric packaging) not misleading. Gore also knew that these representations were
10    false when made.

11    363.    Gore's omissions and/or misrepresentations alleged herein caused
12    Plaintiff and the other Minnesota Class members to make their Gore-Tex purchases.
13    Plaintiff was unaware of these material facts, and had Gore communicated these
14    material facts to consumers, Plaintiff and the other Minnesota Class members would
15    not have purchased Gore-Tex products or would not have purchased Gore-Tex
16    products at the prices they paid. Accordingly, Plaintiff and the other Minnesota Class
17    members have suffered injury in fact, including lost money or property, as a result
18    of Gore's misrepresentations and omissions.

19    364.    Accordingly, Gore is liable to Plaintiff and the other Minnesota Class
20    members for damages in an amount to be proven at trial, including but not limited
21    to, benefit-of-the-bargain damages, restitution and/or diminution of value.

22    365.    Gore's    acts    were    done    wantonly,    maliciously,    oppressively,
23    deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and other
24    Minnesota Class members' rights and the representations that Gore made to them,
25    in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages
26    in an amount sufficient to deter such conduct in the future, which amount is to be
27    determined according to proof.

28

CLASS ACTION COMPLAINT – 95

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1

**R.    Claims brought on behalf of the Montana Class**

2

**COUNT XXVII**
**VIOLATION OF THE MONTANA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION ACT OF 1973**
**(MONT. CODE ANN. § 30-14-101, *ET SEQ.*)**

3

4

366.    Plaintiffs hereby incorporate by reference the allegations contained in

5

the preceding paragraphs of this complaint.

6

367.    This claim is brought by Plaintiffs on behalf of the Montana Class.

7

368.    Gore intentionally concealed and suppressed material facts regarding its

8

Gore-Tex Fabric. These material facts included that (i) Gore continues to

9

manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

10

chemical" resistant to degradation even while claiming its products are

11

"environmentally sound" and that Gore is highly committed to "environmental

12

sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

13

DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

14

Fabric sheds PFAS via ordinary use.

15

369.    Gore also made the following misrepresentations that are likely to

16

mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

17

Gore itself created and excludes the extremely harmful PTFE chemical, thereby

18

deviating from common definitions used by the EPA, environmental groups and

19

academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

20

consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

21

370.    The Montana Unfair Trade Practices and Consumer Protection Act

22

(Montana CPA) makes unlawful any "unfair methods of competition and unfair or

23

deceptive acts or practices in the conduct of any trade or commerce." Mont. Code

24

Ann. § 30-14-103.

25

371.    Defendant, Plaintiffs, and Montana Class members are "persons" within

26

the meaning of Mont. Code Ann. § 30-14-102(6).

27

28

CLASS ACTION COMPLAINT – 96

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

372.    Plaintiffs and Montana Class members are "consumer[s]" under Mont. Code Ann. § 30-14-102(1).

373.    The sale of each package of Gore-Tex Fabric occurred within "trade and commerce" within the meaning of Mont. Code Ann. § 30-14-102(8), and Defendant committed deceptive and unfair acts in the conduct of "trade and commerce" as defined in that statutory section.

374.    Because Defendant's unlawful methods, acts, and practices have caused Plaintiffs to suffer an ascertainable loss of money and property, Plaintiffs seek from Defendant: the greater of actual damages or $500; discretionary treble damages; reasonable attorneys' fees.

375.    Plaintiffs additionally seek an order enjoining Defendant's unfair, unlawful, and/or deceptive practices, and any other relief the Court considers necessary or proper, under Mont. Code Ann. § 30-14-133.

<div align="center">

**COUNT XXVIII**
**FRAUDULENT CONCEALMENT**
**(BASED ON MONTANA LAW)**

</div>

376.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

377.    Plaintiffs bring this Count on behalf of the Montana Class.

378.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

379.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

CLASS ACTION COMPLAINT – 97

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

380.    Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Montana law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

381.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Montana Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Montana Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Montana Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

382.    Accordingly, Gore is liable to Plaintiffs and the other Montana Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

383.    Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Montana Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 98



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1

**S.     Claims brought on behalf of the New Hampshire Class**

2

### COUNT XXIX
### VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT
### (N.H. REV. STAT. ANN. § 358-A:1, *ET SEQ.*))

3

4

384.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

5

6

385.    This claim is brought by Plaintiffs on behalf of the New Hampshire Class.

7

8

386.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

9

10

11

12

13

14

15

387.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

16

17

18

19

20

21

388.    The New Hampshire Consumer Protection Act (New Hampshire CPA) prohibits a person, in the conduct of any trade or commerce, from "using any unfair or deceptive act or practice," including, "but . . . not limited to" "[m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions." N.H. Rev. Stat. Ann. § 358-A:2.

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT – 99

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

389.   Defendant, Plaintiffs, and New Hampshire Class members are "persons" under N.H. Rev. Stat. Ann. § 358-A:1.

390.   Defendant's actions as set forth herein occurred in the conduct of trade or commerce as defined under N.H. Rev. Stat. Ann. § 358-A:1.

391.   Because Defendants' willful conduct caused injury to Plaintiffs' property through violations of the New Hampshire CPA, Plaintiffs seek recovery of actual damages or $1,000, whichever is greater; treble damages; costs and reasonable attorneys' fees; an order enjoining each Defendant's unfair and/or deceptive acts and practices; and any other just and proper relief under N.H. Rev. Stat. Ann. § 358-A:10.

## COUNT XXX
## FRAUDULENT CONCEALMENT
## (BASED ON NEW HAMPSHIRE LAW)

392.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

393.   Plaintiffs bring this Count on behalf of the New Hampshire Class.

394.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

395.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and

CLASS ACTION COMPLAINT – 100

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

396.  Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under New Hampshire law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

397.  Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other New Hampshire Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other New Hampshire Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other New Hampshire Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

398.  Accordingly, Gore is liable to Plaintiffs and the other New Hampshire Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

399.  Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other New Hampshire Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 101

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**T. Claims on behalf of the New Mexico Class**

## COUNT XXXI
## VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT
### (N.M. STAT. ANN. §§ 57-12-1, *ET SEQ.*)

400. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

401. This claim is brought by Plaintiffs on behalf of the New Mexico Class.

402. Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

403. Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

404. The New Mexico Unfair Trade Practices Act (New Mexico UTPA) makes unlawful "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services . . . by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person," including, but not limited to, "failing to state a material fact if doing so deceives or tends to deceive." N.M. Stat. Ann. § 57-12-2(D).

CLASS ACTION COMPLAINT – 102

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

405.    Defendant, Plaintiffs, and New Mexico Class members are "person[s]" under N.M. Stat. Ann. § 57-12-2.

406.    Defendant's actions as set forth herein occurred in the conduct of trade or commerce as defined under N.M. Stat. Ann. § 57-12-2.

407.    Because Defendant's unconscionable, willful conduct caused actual harm to Plaintiffs, Plaintiffs seek recovery of actual damages or $100, whichever is greater; discretionary treble damages; punitive damages; and reasonable attorneys' fees and costs, as well as all other proper and just relief available under N.M. Stat. Ann. § 57-12-10.

## COUNT XXXII
## FRAUDULENT CONCEALMENT
## (BASED ON NEW MEXICO LAW)

408.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

409.    Plaintiffs bring this Count on behalf of the New Mexico Class.

410.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

411.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

CLASS ACTION COMPLAINT – 103

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

412. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under New Mexico law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

413. Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other New Mexico Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other New Mexico Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other New Mexico Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

414. Accordingly, Gore is liable to Plaintiffs and the other New Mexico Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

415. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other New Mexico Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 104

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    **U.    Claims brought on behalf of the New York Class**

2                                **COUNT XXXIII**
3    **VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW §§ 349-350**
                        **(N.Y. GEN. BUS. LAW §§ 349-350)**

4        416.    Plaintiffs hereby incorporate by reference the allegations contained in

5    the preceding paragraphs of this complaint.

6        417.    This claim is brought by Plaintiffs on behalf of the New York Class.

7        418.    Gore intentionally concealed and suppressed material facts regarding its

8    Gore-Tex Fabric. These material facts included that (i) Gore continues to

9    manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

10   chemical" resistant to degradation even while claiming its products are

11   "environmentally sound" and that Gore is highly committed to "environmental

12   sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

13   DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

14   Fabric sheds PFAS via ordinary use.

15       419.    Gore also made the following misrepresentations that are likely to

16   mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

17   Gore itself created and excludes the extremely harmful PTFE chemical, thereby

18   deviating from common definitions used by the EPA, environmental groups and

19   academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

20   consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

21       420.    The New York General Business Law (New York GBL) makes

22   unlawful "[d]eceptive acts or practices in the conduct of any business, trade or

23   commerce." N.Y. Gen. Bus. Law § 349.

24       421.    Plaintiffs and New York Class members are "persons" within the

25   meaning of N.Y. Gen. Bus. Law § 349(h).

26       422.    Defendant is a "person," "firm," "corporation," or "association" within

27   the meaning of N.Y. Gen. Bus. Law § 349.

28

CLASS ACTION COMPLAINT – 105

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

423.  Defendant's deceptive acts and practices, which were intended to mislead consumers who purchased Gore-Tex Fabric, was conduct directed at consumers.

424.  Because Defendant's willful and knowing conduct caused injury to Plaintiffs, Plaintiffs seek recovery of actual damages or $50, whichever is greater; discretionary treble damages up to $1,000; punitive damages; reasonable attorneys' fees and costs; an order enjoining Defendant's deceptive conduct; and any other just and proper relief available under N.Y. Gen. Bus. Law § 349.

**COUNT XXXIV**
**FRAUDULENT CONCEALMENT**
**(BASED ON NEW YORK LAW)**

425.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

426.  Plaintiffs bring this Count on behalf of the New York Class.

427.  Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

428.  Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

CLASS ACTION COMPLAINT – 106

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

429.   Gore   voluntarily   represented   that   its   Gore-Tex   Fabric   was environmentally sustainable and therefore is required to make a full and fair disclosure under New York law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

430.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other New York Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other New York Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other New York Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

431.   Accordingly, Gore is liable to Plaintiffs and the other New York Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

432.   Gore's   acts   were   done   wantonly,   maliciously,   oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other New York Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## V.    Claims brought on behalf of the Ohio Class

### COUNT XXXV
### VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### (OHIO REV. CODE ANN. § 1345.01, *ET SEQ.*)

433.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

434.    This claim is brought by Plaintiffs on behalf of the Ohio Class.

435.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

436.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

437.    Ohio Consumer Sales Practices Act (Ohio CSPA), Ohio Rev. Code Ann. § 1345.02, broadly prohibits unfair or deceptive acts or practices in connection with a consumer transaction. Specifically, and without limitation of the broad prohibition, the Act prohibits suppliers from representing that "a specific price advantage exists, if it does not." Ohio Rev. Code Ann. § 1345.02.

438.    Defendant is a "supplier" as that term is defined in Ohio Rev. Code Ann. § 1345.01(C).

CLASS ACTION COMPLAINT – 108



439.   Plaintiffs and Ohio Class members are "consumers" as that term is defined in Ohio Rev. Code Ann. § 1345.01(D), and their purchases of Gore-Tex Fabric is a "consumer transaction" within the meaning of Ohio Rev. Code Ann. § 1345.01(A).

440.   As a result of the foregoing wrongful conduct, Plaintiffs have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to, actual and statutory damages, an order enjoining Defendant's deceptive and unfair conduct, treble damages, court costs, and reasonable attorneys' fees, pursuant to Ohio Rev. Code Ann. § 1345.09, et seq.

<div align="center">

**COUNT XXXVI**
**FRAUDULENT CONCEALMENT**
**(BASED ON OHIO LAW)**

</div>

441.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

442.   Plaintiffs bring this Count on behalf of the Ohio Class.

443.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

444.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

CLASS ACTION COMPLAINT – 109

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

445.    Gore    voluntarily    represented    that    its    Gore-Tex    Fabric    was environmentally sustainable and therefore is required to make a full and fair disclosure under Ohio law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

446.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Ohio Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Ohio Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Ohio Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

447.    Accordingly, Gore is liable to Plaintiffs and the other Ohio Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

448.    Gore's    acts    were    done    wantonly,    maliciously,    oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Ohio Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 110

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  **W.    Claims brought on behalf of the Pennsylvania Class**

2                         **COUNT XXXVII**
3  **VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES**
   **AND CONSUMER PROTECTION LAW**
   **(73 PA. CONS. STAT. § 201-1, *ET SEQ.*)**

4       449.   Plaintiffs hereby incorporate by reference the allegations contained in

5  the preceding paragraphs of this complaint.

6       450.   This claim is brought by Plaintiffs on behalf the Pennsylvania Class.

7       451.   Gore intentionally concealed and suppressed material facts regarding its

8  Gore-Tex Fabric. These material facts included that (i) Gore continues to

9  manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

10 chemical" resistant to degradation even while claiming its products are

11 "environmentally sound" and that Gore is highly committed to "environmental

12 sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

13 DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

14 Fabric sheds PFAS via ordinary use.

15      452.   Gore also made the following misrepresentations that are likely to

16 mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

17 Gore itself created and excludes the extremely harmful PTFE chemical, thereby

18 deviating from common definitions used by the EPA, environmental groups and

19 academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

20 consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

21      453.   The Pennsylvania Unfair Trade Practices and Consumer Protection Law

22 (Pennsylvania CPL) prohibits unfair or deceptive acts or practices, including:

23 "[m]aking false or misleading statements of fact concerning the reasons for,

24 existence of, or amounts of price reductions"; and "[e]ngaging in any other

25 fraudulent or deceptive conduct which creates a likelihood of confusion or of

26 misunderstanding." 73 Pa. Cons. Stat. § 201-2(4).

27

28

CLASS ACTION COMPLAINT – 111



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

454. Defendant, Plaintiffs, and Pennsylvania Class members are "persons" within the meaning of 73 Pa. Cons. Stat. § 201-2(2).

455. Plaintiffs and the Pennsylvania Class members purchased Gore-Tex Fabric primarily for personal, family, or household purposes within the meaning of 73 Pa. Cons. Stat. § 201-9.2.

456. All of the acts complained of herein were perpetrated by Defendant in the course of trade or commerce within the meaning of 73 Pa. Cons. Stat. § 201-2(3).

457. Defendant is liable to Plaintiffs for treble their actual damages or $100, whichever is greater, and attorneys' fees and costs. 73 Pa. Cons. Stat. § 201-9.2(a). Plaintiffs are also entitled to an award of punitive damages given that Defendants' conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others.

<div align="center">

**COUNT XXXVIII**
**FRAUDULENT CONCEALMENT**
**(BASED ON PENNSYLVANIA LAW)**

</div>

458. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

459. Plaintiffs bring this Count on behalf of the Pennsylvania Class.

460. Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

461. Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

CLASS ACTION COMPLAINT – 112

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

462. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Pennsylvania law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

463. Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Pennsylvania Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Pennsylvania Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Pennsylvania Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

464. Accordingly, Gore is liable to Plaintiffs and the other Pennsylvania Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

465. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Pennsylvania Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages

CLASS ACTION COMPLAINT – 113

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    in an amount sufficient to deter such conduct in the future, which amount is to be

2    determined according to proof.

3    **X.    Claims brought on behalf of the South Carolina Class**

4    <center>**COUNT XXXIX**</center>

5    <center>**VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT (S.C. CODE ANN. § 39-5-10, *ET SEQ.*)**</center>

6    466.    Plaintiffs hereby incorporate by reference the allegations contained in

7    the preceding paragraphs of this complaint.

8    467.    This claim is brought by Plaintiffs on behalf of the South Carolina Class.

9    468.    Gore intentionally concealed and suppressed material facts regarding its

10   Gore-Tex Fabric. These material facts included that (i) Gore continues to

11   manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

12   chemical" resistant to degradation even while claiming its products are

13   "environmentally sound" and that Gore is highly committed to "environmental

14   sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

15   DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

16   Fabric sheds PFAS via ordinary use.

17   469.    Gore also made the following misrepresentations that are likely to

18   mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

19   Gore itself created and excludes the extremely harmful PTFE chemical, thereby

20   deviating from common definitions used by the EPA, environmental groups and

21   academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

22   consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

23   470.    The South Carolina Unfair Trade Practices Act (South Carolina UTPA)

24   prohibits "unfair or deceptive acts or practices in the conduct of any trade or

25   commerce . . . ." S.C. Code Ann. § 39-5-20(a).

26   471.    Defendant is a "person" under S.C. Code Ann. § 39-5-10.

27

28

CLASS ACTION COMPLAINT – 114

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

472.   Pursuant to S.C. Code Ann. § 39-5-140(a), Plaintiffs seek monetary relief to recover their economic losses. Because Defendant's actions were willful and knowing, Plaintiffs' damages should be trebled.

473.   Plaintiffs further allege that Defendant's malicious and deliberate conduct warrants an assessment of punitive damages because Defendant carried out despicable conduct with willful and conscious disregard of the rights and safety of others, subjecting Plaintiffs to cruel and unjust hardship as a result. Defendant misrepresented the environmental sustainability of Gore-Tex Fabric. Defendants' unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

474.   Plaintiffs further seek an order enjoining each Defendant's unfair or deceptive acts or practices.

<div align="center">

**COUNT XL**
**FRAUDULENT CONCEALMENT**
**(BASED ON SOUTH CAROLINA LAW)**

</div>

475.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

476.   Plaintiffs bring this Count on behalf of the South Carolina Class.

477.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

478.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby

CLASS ACTION COMPLAINT – 115

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

479.    Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under South Carolina law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

480.    Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other South Carolina Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other South Carolina Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other South Carolina Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

481.    Accordingly, Gore is liable to Plaintiffs and the other South Carolina Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

482.    Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other South Carolina Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 116

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## Y.    Claims brought on behalf of the Tennessee Class

### COUNT XLI
### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
### (TENN. CODE ANN. § 47-18-101, *ET SEQ.*)

483.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

484.    This claim is brought by Plaintiffs on behalf of the Tennessee Class.

485.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

486.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

487.    Tennessee Consumer Protection Act (Tennessee CPA) prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce," including, but not limited to, "[m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions." Tenn. Code Ann. § 47-18-104.

488.    Plaintiffs and Tennessee Class members are "natural persons" and "consumers" within the meaning of Tenn. Code Ann. § 47-18-103(2).

CLASS ACTION COMPLAINT – 117

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

489. Defendant is a "person" within the meaning of Tenn. Code Ann. § 47-18-103(2).

490. Defendant's conduct complained of herein affected "trade," "commerce," or "consumer transactions" within the meaning of Tenn. Code Ann. § 47-18-103(19).

491. Pursuant to Tenn. Code Ann. § 47-18-109(a), Plaintiffs seek monetary relief against each Defendant measured as actual damages in an amount to be determined at trial, treble damages as a result of Defendants' willful or knowing violations, and any other just and proper relief available under the Tennessee CPA.

**COUNT XLII**
**FRAUDULENT CONCEALMENT**
**(BASED ON TENNESSEE LAW)**

492. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

493. Plaintiffs bring this Count on behalf of the Tennessee Class.

494. Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

495. Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

CLASS ACTION COMPLAINT – 118

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

496. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Tennessee law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

497. Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Tennessee Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Tennessee Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Tennessee Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

498. Accordingly, Gore is liable to Plaintiffs and the other Tennessee Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

499. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Tennessee Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT – 119



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**Z.    Claims brought on behalf of the Texas Class**

<div align="center">

**COUNT XLIII**
**FRAUDULENT CONCEALMENT**
**(BASED ON TEXAS LAW)**

</div>

500.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

501.    Plaintiffs bring this Count on behalf of the Texas Class.

502.    Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

503.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

504.    Gore    voluntarily    represented    that    its    Gore-Tex    Fabric    was environmentally sustainable and therefore is required to make a full and fair disclosure under Texas law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

CLASS ACTION COMPLAINT – 120

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

505.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Texas Class members to make their Gore-Tex purchases. Plaintiffs were unaware of these material facts, and had Gore communicated these material facts to consumers, Plaintiffs and the other Texas Class members would not have purchased Gore-Tex products or would not have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs and the other Texas Class members have suffered injury in fact, including lost money or property, as a result of Gore's misrepresentations and omissions.

506.   Accordingly, Gore is liable to Plaintiffs and the other Texas Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

507.   Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Texas Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## AA.   Claims brought on behalf of the Utah Class

### COUNT XLIV
### VIOLATION OF THE UTAH CONSUMER SALE PRACTICES ACT
### (UTAH CODE ANN. § 13-11-1, *ET SEQ.*)

508.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

509.   This claim is brought by Plaintiffs on behalf of the Utah Class.

510.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental

CLASS ACTION COMPLAINT – 121

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

2    DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

3    Fabric sheds PFAS via ordinary use.

4        511.    Gore also made the following misrepresentations that are likely to

5    mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

6    Gore itself created and excludes the extremely harmful PTFE chemical, thereby

7    deviating from common definitions used by the EPA, environmental groups and

8    academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

9    consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

10        512.    The Utah Consumer Sales Practices Act (Utah CSPA) makes unlawful

11    any "deceptive act or practice by a supplier in connection with a consumer

12    transaction," including, but not limited to, "indicat[ing] that a specific price

13    advantage exists, if it does not." Utah Code Ann. § 13-11-4. "An unconscionable act

14    or practice by a supplier in connection with a consumer transaction" also violates

15    the Utah CSPA. Utah Code Ann. § 13-11-5.

16        513.    Defendant knew, or had reason to know, that consumers would rely on

17    Defendant's representations and omissions regarding the environmental

18    sustainability of Gore-Tex Fabric and chose to conceal, suppress and omit material

19    facts required to make their environmental claims not misleading. Defendant

20    therefore engaged in an unconscionable act within the meaning of Utah Code Ann.

21    § 13-11-5.

22        514.    Pursuant to Utah Code Ann. § 13-11-4, Plaintiffs seek monetary relief

23    measured as the greater of (a) actual damages in an amount to be determined at trial

24    and (b) statutory damages in the amount of $2,000 for each Plaintiff; reasonable

25    attorneys' fees; and any other just and proper relief available under the Utah CSPA.

26

27

28

CLASS ACTION COMPLAINT – 122

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**COUNT XLV**
**FRAUDULENT CONCEALMENT**
**(BASED ON UTAH LAW)**

515.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

516.   Plaintiffs bring this Count on behalf of the Utah Class.

517.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

518.   Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

519.   Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair disclosure under Utah law. Gore therefore had a duty to disclose the material facts as additional information in order to make its Gore-Tex Sustainability Promise website (as well as Gore's other environmental claims including on its Gore-Tex Fabric packaging) not misleading. Gore also knew that these representations were false when made.

520.   Gore's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Utah Class members to make their Gore-Tex purchases.

CLASS ACTION COMPLAINT – 123



1    Plaintiffs were unaware of these material facts, and had Gore communicated these

2    material facts to consumers, Plaintiffs and the other Utah Class members would not

3    have purchased Gore-Tex products or would not have purchased Gore-Tex products

4    at the prices they paid. Accordingly, Plaintiffs and the other Utah Class members

5    have suffered injury in fact, including lost money or property, as a result of Gore's

6    misrepresentations and omissions.

7        521.   Accordingly, Gore is liable to Plaintiffs and the other Utah Class

8    members for damages in an amount to be proven at trial, including but not limited

9    to, benefit-of-the-bargain damages, restitution and/or diminution of value.

10       522.   Gore's  acts  were  done  wantonly,  maliciously,  oppressively,

11   deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other

12   Utah Class members' rights and the representations that Gore made to them, in order

13   to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an

14   amount sufficient to deter such conduct in the future, which amount is to be

15   determined according to proof.

16   **BB.    Claims brought on behalf of the Vermont Class**

17                          **COUNT XLVI**
     **VIOLATION OF THE VERMONT CONSUMER FRAUD ACT**
18            **(VT. STAT. ANN. TIT. 9, § 2451 *ET SEQ.*)**

19       523.   Plaintiffs hereby incorporate by reference the allegations contained in

20   the preceding paragraphs of this complaint.

21       524.   This claim is brought by Plaintiffs on behalf of the Vermont Class.

22       525.   Gore intentionally concealed and suppressed material facts regarding its

23   Gore-Tex Fabric. These material facts included that (i) Gore continues to

24   manufacture its ePFTE membrane using PFAS, an extremely harmful "forever

25   chemical"  resistant  to  degradation  even  while  claiming  its  products  are

26   "environmentally sound" and that Gore is highly committed to "environmental

27   sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

28

CLASS ACTION COMPLAINT – 124

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

526.    Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

527.   The Vermont Consumer Fraud Act (Vermont CFA) makes unlawful "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce . . . ." Vt. Stat. Ann. tit. 9, § 2453(a).

528.   Defendant was a seller within the meaning of Vt. Stat. Ann. tit. 9, § 2451(a)(c).

529.   Plaintiffs are entitled to recover "appropriate equitable relief" and "the amount of [their] damages, or the consideration or the value of the consideration given by [them], reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by [them]," pursuant to Vt. Stat. Ann. tit. 9, § 2461(b).

**COUNT XLVII**
**FRAUDULENT CONCEALMENT**
**(BASED ON VERMONT LAW)**

530.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

531.   Plaintiffs bring this Count on behalf of the Vermont Class.

532.   Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental

CLASS ACTION COMPLAINT – 125

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a

2    DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex

3    Fabric sheds PFAS via ordinary use.

4        533.    Gore also made the following misrepresentations that are likely to

5    mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that

6    Gore itself created and excludes the extremely harmful PTFE chemical, thereby

7    deviating from common definitions used by the EPA, environmental groups and

8    academic researchers; and (ii) Gore's direct-to-consumer sales website confuses

9    consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

10        534.    Gore    voluntarily    represented    that    its    Gore-Tex    Fabric    was

11    environmentally sustainable and therefore is required to make a full and fair

12    disclosure under Vermont law. Gore therefore had a duty to disclose the material

13    facts as additional information in order to make its Gore-Tex Sustainability Promise

14    website (as well as Gore's other environmental claims including on its Gore-Tex

15    Fabric packaging) not misleading. Gore also knew that these representations were

16    false when made.

17        535.    Gore's omissions and/or misrepresentations alleged herein caused

18    Plaintiffs and the other Vermont Class members to make their Gore-Tex purchases.

19    Plaintiffs were unaware of these material facts, and had Gore communicated these

20    material facts to consumers, Plaintiffs and the other Vermont Class members would

21    not have purchased Gore-Tex products or would not have purchased Gore-Tex

22    products at the prices they paid. Accordingly, Plaintiffs and the other Vermont Class

23    members have suffered injury in fact, including lost money or property, as a result

24    of Gore's misrepresentations and omissions.

25        536.    Accordingly, Gore is liable to Plaintiffs and the other Vermont Class

26    members for damages in an amount to be proven at trial, including but not limited

27    to, benefit-of-the-bargain damages, restitution and/or diminution of value.

28

CLASS ACTION COMPLAINT – 126

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

537. Gore's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Vermont Class members' rights and the representations that Gore made to them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**CC.  Claims brought on behalf of the West Virginia Class**

**COUNT XLVIII**
**FRAUDULENT CONCEALMENT**
**(BASED ON WEST VIRGINIA LAW)**

538. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

539. Plaintiffs bring this Count on behalf of the West Virginia Class.

540. Gore intentionally concealed and suppressed material facts regarding its Gore-Tex Fabric. These material facts included that (i) Gore continues to manufacture its ePFTE membrane using PFAS, an extremely harmful "forever chemical" resistant to degradation even while claiming its products are "environmentally sound" and that Gore is highly committed to "environmental sustainability"; (ii) Gore-Tex Fabric PFC Free Laminate is regularly treated with a DWR waterproofing treatment that still contains PFAS; and (iii) that Gore-Tex Fabric sheds PFAS via ordinary use.

541. Gore also made the following misrepresentations that are likely to mislead reasonable consumers: (i) Gore's definition of "PFC EC" is a definition that Gore itself created and excludes the extremely harmful PTFE chemical, thereby deviating from common definitions used by the EPA, environmental groups and academic researchers; and (ii) Gore's direct-to-consumer sales website confuses consumers by using terms such as PFC, PFC*, PFC EC, and PFAS interchangeably.

542. Gore voluntarily represented that its Gore-Tex Fabric was environmentally sustainable and therefore is required to make a full and fair

CLASS ACTION COMPLAINT – 127

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  disclosure under West Virginia law. Gore therefore had a duty to disclose the
2  material facts as additional information in order to make its Gore-Tex Sustainability
3  Promise website (as well as Gore's other environmental claims including on its
4  Gore-Tex Fabric packaging) not misleading. Gore also knew that these
5  representations were false when made.

6      543.  Gore's omissions and/or misrepresentations alleged herein caused
7  Plaintiffs and the other West Virginia Class members to make their Gore-Tex
8  purchases. Plaintiffs were unaware of these material facts, and had Gore
9  communicated these material facts to consumers, Plaintiffs and the other West
10  Virginia Class members would not have purchased Gore-Tex products or would not
11  have purchased Gore-Tex products at the prices they paid. Accordingly, Plaintiffs
12  and the other West Virginia Class members have suffered injury in fact, including
13  lost money or property, as a result of Gore's misrepresentations and omissions.

14      544.  Accordingly, Gore is liable to Plaintiffs and the other West Virginia
15  Class members for damages in an amount to be proven at trial, including but not
16  limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

17      545.  Gore's acts were done wantonly, maliciously, oppressively,
18  deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other
19  West Virginia Class members' rights and the representations that Gore made to
20  them, in order to enrich Gore. Gore's conduct warrants an assessment of punitive
21  damages in an amount sufficient to deter such conduct in the future, which amount
22  is to be determined according to proof.

23                          **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiffs, individually and on behalf of members of the State
25  Classes, respectfully request that the Court enter judgment in their favor and against
26  Gore, as follows:

27      A.    Certification of the proposed State Law Classes, including appointment
28  of Plaintiffs' counsel as Class Counsel;

CLASS ACTION COMPLAINT – 128



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    B.    An order temporarily and permanently enjoining Gore from continuing

2  the unlawful, deceptive, fraudulent, and unfair business practices alleged herein;

3    E.    Costs, restitution, damages, including punitive damages, and

4  disgorgement in an amount to be determined at trial;

5    F.    An order requiring Gore to pay both pre- and post-judgment interest on

6  any amounts awarded;

7    G.    An award of costs and attorneys' fees; and

8    H.    Such other or further relief as may be appropriate.

9  <div align="center">**JURY DEMAND**</div>

10    Plaintiffs hereby demand a trial by jury on all issues so triable.

11

12  DATED: February 11, 2025        Respectfully submitted,

13                    */s/ Steve W. Berman*

14                    Steve W. Berman, WSBA No. 12536
                      Catherine Y.N. Gannon, WSBA No. 47664

15                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

16                    1301 Second Avenue, Suite 2000
                      Seattle, WA 98101

17                    Telephone: (206) 623-7292
                      steve@hbsslaw.com

18                    catherineg@hbsslaw.com

19

20                    Rebecca A. Peterson (*pro hac vice* to be filed)
                      Krista K. Freier (*pro hac vice* to be filed)

21                    Catherine A. Peterson (*pro hac vice* to be filed)

22                    **GEORGE FELDMAN MCDONALD, PLLC**
                      1650 West 82nd Street, Suite 880

23                    Bloomington, MN 55431

24                    Telephone: (612) 778-9595
                      rpeterson@4-justice.com

25                    kfreier@4-justice.com

26                    cpeterson@4-justice.com

27

28

CLASS ACTION COMPLAINT – 129

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lori G. Feldman, WSBA No. 29096
**GEORGE FELDMAN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
lfeldman@4-Justice.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT – 130

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX